Fletcher Lee ROBINSON, Appellant,

v.

STATE of Texas, Appellee.

No. 13–82–338–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 3, 1983.

William E. Satterwhite, Jr., Houston, for appellant.

Robert E. Bell, Dist. Atty., Edna, for appellee.

Before NYE, C.J., and BISSETT, YOUNG, UTTER, KENNEDY and GONZALEZ, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction of voluntary manslaughter. The jury found the defendant guilty and assessed punishment at 15 years in the Texas Department of Corrections. Timely notice of appeal was given. Appellant was represented at trial and on appeal by retained counsel.

The record is before us without a transcription of the court reporter's notes or any bills of exceptions. No designation specifying matters for inclusion in the appellate record appears in the transcript. See Art. 40.09(2) TEX.CODE CRIM.PRO. ANN. (Vernon Supp. 1982–83). No pauper's affidavit was filed as prescribed by Art. 40.09(5) which would entitle appellant to a free copy of the transcription of the court reporter's notes. No objections were made to the appellate record as permitted by Art. 40.09(7). Appellant's brief was due in this Court on or before February 17, 1983, and no brief was filed.

Appellant's counsel was notified of the completion and approval of the transcript and that this case was docketed in this Court. He was advised of the submis-

sion date in accordance with Tex.Cr.App.R. 204. We conclude that the complete inaction of appellant's counsel demonstrates a lack of diligence in this cause even though he gave notice of appeal. Therefore, there is nothing but the transcript that is presented for review. See: *Zamora v. State,* 568 S.W.2d 355, 356 (Tex.Cr.App.1978). We have reviewed this record for fundamental error and find none. The judgment of the trial court is accordingly AFFIRMED.

We take this opportunity to set forth in detail the policy of this Court on certain matters pertaining to criminal appeals. This is necessary because of the tremendous case load of this Court and of the increasing number of criminal cases tried in this district and the corresponding criminal appeals to this Court.

Since this Court obtained criminal jurisdiction on September 1, 1981, we have been repeatedly faced with appellants represented by attorneys who failed to comply with the appropriate deadlines imposed by Art. 40.09. In the past, the failure to comply with the deadlines imposed by this article had little effect on the disposition of appeals because the Court of Criminal Appeals was overwhelmed with appeals. Compliance with the rules made little difference to the attorneys involved because of the long delay in the appellate process. When this Court gained criminal jurisdiction in 1981, it was not unusual for a criminal case to have been on appeal for three or even four years or longer. Almost all were over two years old. That is no longer the case. This Court has worked diligently to remedy this situation. We are almost completely current in our criminal docket. It is our intent to set a criminal case for submission on the first available submission date following expiration of the statutory briefing time. In most cases, this will be the first available submission date following the 60th day after notice of approval of the record. This will give both appellant and the State sufficient time to file briefs in accordance with Art. 40.09(9) and (10). We pause to note that in most instances, the State's attorneys are complying with the filing deadlines. We commend these attorneys and all other attorneys who comply with the rules.

■ Occasionally an attorney for the appellant or the State will not be able to meet the appropriate statutory deadline for filing appellate matters. This Court will consider timely filed motions for extension of time for good cause shown, but these motions must comply with the provision of Tex.Cr. App.R. 6, which provides that each motion shall set forth facts in the following sequence:

(1) the court below, in which the case is pending;

(2) the number and style of the case in the court below;

(3) the offense for which the appellant was convicted;

(4) the punishment assessed against the appellant;

(5) the present deadline for the filing of the item in question;

(6) the length of time requested for the extension;

(7) the number of extensions of time which have been previously granted regarding the item in question;

(8) the facts relied upon to show good cause for the requested extension, and

(9) when an extension of time is requested for the filing of a transcription of the court reporter's notes, the facts relied upon to show good cause must be supported by the affidavit of the court reporter, or the certificate of the trial judge, which shall include the court reporter's estimate of the earliest date when the transcription can be completed.

Extensions of time will be granted only when there is a compliance in form and for good cause shown. Tex.Cr.App. Rules 4 and 6. *Mattox v. State,* 663 S.W.2d 457 (Tex.App.—Corpus Christi 1983).

When an appellant needs an extension of time and files a motion requesting an extension to some future date, this Court expects the attorney to meet the requested deadline without the necessity of filing fur-

ther motions. This Court will not look with favor upon multiple motions for extensions of time which cause delay in the appellate process.

■ A party may present oral argument when the case is set for submission. Oral argument must be requested when the brief is timely filed. Tex.Cr.App.R. 205. Only under unusual circumstances will this Court allow oral argument when the parties have not adhered to the provisions of Rule 205. Rescheduling of oral argument will be made only in cases of emergency.

■ Where counsel is retained and no brief is filed in accordance with the Code of Criminal Procedure, this Court will conclude that there has been a lack of diligence and that there is nothing presented for review. See *Zamora v. State,* 568 S.W.2d 355 (Tex.Cr.App.1978). We will, however, in every case, review the entire record for fundamental error. See *Carter v. State,* 656 S.W.2d 468 (Tex.Cr.App.1983).

■ The Court of Criminal Appeals has held that an appellant, whether indigent or not, must exercise due diligence in securing a copy of the court reporter's notes. *Weeks v. State,* 521 S.W.2d 858 (Tex.Cr.App.1975); *Ex parte Thorbus,* 455 S.W.2d 756 (Tex.Cr.App.1970). As noted by the Court in *Zamora,* indigents are also required to adhere to the time requirements imposed by Art. 40.-09. See also, *Hoagland v. State,* 541 S.W.2d 442 (Tex.Cr.App.1976); *Rhoda v. State,* 514 S.W.2d 937 (Tex.Cr.App.1974). In particular, appellants have a responsibility to designate portions of the transcription of the court reporter's notes which are to be included in the record. This must be done within 20 days after giving notice of appeal. Art. 40.09(2) and (5). Since art 40.09(2) states that the failure of the clerk to include designated matter will not be ground for complaint on appeal if the designation is not timely filed, an appellant requesting an extension of time to file the statement of facts should indicate when he made his designation to the Clerk of the court where the case was tried.

No part of the trial record should be designated unless it is necessary for a proper presentation of the appeal. For instance, the voir dire or the attorneys' arguments to the jury should not be requested as part of the record if the attorney does not need the same for his appeal. Such additional costs to the client or the counties (where there is a pauper's appeal) is unnecessary and, as such, causes further delay and unwarranted expense.

■ Where appellant has court-appointed counsel, he must file a brief in accordance with Art. 40.09, which means that such briefs not only contain grounds of error, but also arguments and authorities supporting such grounds of error. *High v. State,* 573 S.W.2d 807 (Tex.Cr.App.1978). An indigent appellant has the right to a proper representation of the appeal. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Even where the appeal is determined to be frivolous, an appellant with court-appointed counsel has a duty to file a brief and meet the requirements of *Currie v. State,* 516 S.W.2d 684 (Tex.Cr.App.1974) and *High v. State,* supra. This Court will not accept a frivolous appeal brief which does not satisfy these standards. An appellant with appointed counsel, like those with retained counsel, must comply with the time limits imposed by Art. 40.09. Failure to comply may result in contempt proceedings against the attorney involved. In the past, this Court has taken appropriate action when the situation so required. *Marroquin v. State,* 652 S.W.2d 429 (Tex.App.—Corpus Christi 1982); *Harmon v. State,* 649 S.W.2d 93 (Tex.App.—Corpus Christi 1982). See Canon 6, "A Lawyer Should Represent a Client Competently." EC 6–1, *et seq.;* Title 14 App., Art. 12 § 8, Code of Professional Responsibility.

■ Where counsel is unable to meet the appropriate deadlines because of actions of his client, counsel should promptly report this fact to this Court. Likewise, if problems develop in the appellate process because a transcription of the court reporter's notes cannot be timely obtained, or because some difficulty is had in the trial court or the District or County Clerk's office, the

Clerk of this Court should be so notified. As noted above, delays in the preparation of the appellate record will delay the disposition of the appeal. We will take action where appropriate to ensure the prompt and orderly administration of justice. The old axiom, "Justice delayed is justice denied," is as appropriate today as when it was first said.[1]

 We have also encountered problems in cases where attorneys who are retained at trial give notice of appeal when the defendant is sentenced and then fail to fully perform their obligations to their client on appeal. Retained counsel, even one who has not been fully compensated for past services, cannot wait until a critical state of the proceedings is reached and attempt to withdraw from the case. To withdraw from a case, permission of the trial court and notice to the accused must be first had. *Steel v. State,* 453 S.W.2d 486 (Tex.Cr.App. 1970).

If appellant, individually or by his attorney, gives notice of appeal, the appellate process begins. Such notice effectively triggers the time limits and deadlines imposed by the Code of Criminal Procedure. By giving notice of appeal at the conclusion of the trial, appellant's attorney has voluntarily become the attorney of record on the defendant's appeal. This is so regardless of whether counsel was retained or appointed at trial. If trial counsel does not intend to represent the appellant through the appellate process, he should not give the notice of appeal.

The trial court and counsel, whether retained or appointed, have the responsibility to make sure that the defendant is aware of his appellate rights. The trial court should explain these rights to the defendant in open court and the record should so reflect. If counsel does not give notice of appeal in open court at the time of sentencing, the trial court should explain to the defendant that notice of appeal must be given within 15 days of sentencing. The trial court should admonish the defendant

of the importance of meeting the appellate deadlines.

Both the bench and bar of this State have an obligation to ensure an orderly appellate process. In our adversary system of justice, the lawyers and judges, by the very nature of their duties, find daily partnership in this quest for justice. It is our joint professional responsibilities to see that an orderly appellate process is achieved.

The judgment of the trial court is AFFIRMED.

---

1. William Ewart Gladstone (1809–1898).