James Blaine SHEAD, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05-85-00595-CR to 05-85-00598-CR.

Court of Appeals of Texas, Dallas.

Sept. 10, 1985.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., and Donald G. Davis, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C.J., and WHITHAM and DEVANY, JJ.

PER CURIAM.

Appellant James Blaine Shead was convicted of four counts of theft and assessed punishment at ten years probation in one case and three years confinement in the Texas Department of Corrections in each of the remaining cases. Appellant moved for an extension of time to file the statement of facts. We initially granted appellant's motion on August 1, 1985. The State subsequently moved us to reconsider our order granting the extension. Because we agree with the State that the statement of facts was not timely designated, we grant the State's motion, withdraw our former order, and deny appellant's motion for an extension.

On May 29, 1985, appellant was sentenced and, on his behalf, appellant's retained counsel gave notice of appeal. Under article 40.09, section 3 of the Texas Code of Criminal Procedure,[1] the statement of facts was due in the trial court on July 29, 1985. On July 29, 1985, appellant's retained counsel, the same counsel who had represented appellant at trial, moved this court to extend the time for filing the statement of facts. In the affidavit supporting the motion, the court reporter stated that she had not received a deposit for the statement of facts as of July 17, 1985, had been informed that appellant's counsel did not

represent appellant on appeal, had contacted appellant regarding the deposit on or about July 17, 1985, and then, on July 26, 1985, was advised by appellant's counsel that he had $1,000.00 from appellant for payment for the statement of facts. Thus, the court reporter requested an extension of fifty days to prepare the statement of facts. On August 1, 1985, we granted the motion for an extension but only for a period of thirty days.

Then, the State filed its motion to reconsider the order granting the extension. In the motion, the State alleges that no designation of the record was filed within twenty days pursuant to article 40.09, section 2, and thus no extension of time on the statement of facts should have been granted. We agree with the State.

In his response to the State's motion to reconsider the order granting an extension, appellant's counsel alleges that, although he represented appellant at trial and gave notice of appeal on appellant's behalf at the conclusion of sentencing, he was not retained on appeal by appellant until July 29, 1985. Thus, appellant's counsel states that, between May 29 and July 29, appellant was not represented by counsel. Appellant's counsel does not dispute the State's contention that appellant did not designate the statement of facts.

■ Appellant was required to designate the record within twenty days of giving notice of appeal to include the statement of facts if appellant so desired. See Hoagland v. State, 541 S.W.2d 442, 443 (Tex.Crim.App.1976).[2] Although we are authorized under article 40.09, section 13 to extend the time for filing the statement of facts, we are not authorized to extend the twenty-day time limit for designating the record prescribed by article 40.09, section 2. Hernandez v. State, 670 S.W.2d 686, 688 (Tex.App.—Amarillo 1984, no pet.). Therefore, if the twenty-day requirement is

[1]. All statutory references herein are to TEX. CODE CRIM.PROC.ANN. (Vernon Supp.1985).

[2]. We note that by giving notice of appeal at the conclusion of a trial, appellant's attorney voluntarily became the attorney of record on appellant's appeal. Robinson v. State, 661 S.W.2d 279, 283 (Tex.App.—Corpus Christi 1983, no pet.).

not met, the right to have the statement of facts, included on appeal is waived. *Id.; see also Rhoda v. State,* 514 S.W.2d 937, 939 (Tex.Crim.App.1974).

 We hold that an appellant is not entitled to an extension of time for filing the statement of facts unless he has made a timely designation of the statement of facts under article 40.09, section 2. Accordingly, we grant the State's motion to reconsider our order granting an extension of time for filing the statement of facts, withdraw our order of August 1, 1985, granting an extension of time for filing the statement of facts, and deny appellant's July 29, 1985, motion to extend the time for filing the statement of facts.