James Wallace VICKNAIR, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–00050–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 31, 1985.

Don Ervin, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Dinah Bailey, Harvey Hudson, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and COHEN and LEVY, JJ.

## ORDER

LEVY, Justice.

On October 24, 1984, appellant was charged by indictment with the offense of possession of marihuana, enhanced by a prior felony conviction for burglary. On January 11, 1985, the trial court heard and denied appellant's motion to suppress evidence. Pursuant to a plea bargain agreement, appellant later that day pled guilty to possession of marihuana and "true" to the enhancement allegation. The pleas were entered with the stipulation that appellant would be permitted to appeal the court's ruling on his motion to suppress evidence. The court sentenced appellant to six years confinement.

On January 14, 1985, appellant gave written notice of appeal. Counsel for appellant alleges that at such time, he verbally requested the court reporter to transcribe the notes from the hearing on the motion to suppress evidence. No written designation of matter to be included in the record on appeal was filed. On March 18, 1985, the district clerk notified appellant that the time for filing the statement of facts had expired. On March 27, 1985, appellant filed an objection to the record because it did not contain a transcript of the hearing on the motion to suppress evidence. On April 15, 1985, the trial court held a hearing on the objection and determined that appellant was not entitled to a transcription of the hearing because he had failed to comply with Tex.Code Crim.P. Ann. art. 40.09(2) and (5) (Vernon Supp. 1985), which mandate the appellate procedure for obtaining portions of a record to be used on appeal. It is from this order that appellant now appeals.

Appellant presents four grounds of error in which he contends that the trial court erred in denying his request for a transcription of the hearing on his motion to suppress evidence. We will discuss only the fourth ground as it is determinative of this appeal. In it, appellant asserts that he has been denied effective assistance of counsel due to his attorney's failure to properly and timely perfect the record on appeal pursuant to article 40.09. We agree.

The federal constitution does not require the individual States to grant appeals as of right to criminal defendants who seek to review alleged trial court errors. *McKane v. Durston*, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894). However, if a State has created appellate machinery, then the procedures employed in adjudicating appeals must satisfy the guarantees of the Due Process and Equal Protection Clauses of the federal constitution. *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). The United States Supreme Court has recently determined that the Due Process Clause of the Fourteenth Amendment extends such protection to a criminal defendant seeking an appeal, guaranteeing that he shall have effective assistance of counsel on his first appeal of right. *Evitts v. Lucey*, — U.S. —, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). *Evitts* provides:

In bringing an appeal as of right from his conviction, a criminal defendant is attemptting to demonstrate that the conviction, and the consequent drastic loss of liberty, is unlawful. To prosecute the appeal, a criminal appellant must face an adversary proceeding that—like a trial—is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant—like an unrepresented defendant at trial—is unable to protect the vital interests at stake. To be sure, respondent did have nominal representation when he brought this appeal. But nominal representation on an appeal as of right—like nominal representation at trial—does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all.

*Id.* 105 S.Ct. at 836.

The lower federal courts and many state courts have already recognized a right to effective assistance of appellate counsel. *Id.* at 837. However, the *Evitts* court declined to express any opinion on the merits of any such prior decisions or to delineate the factors for judging claims of ineffective assistance of appellate counsel. *Id.* at 837 n. 9.

The facts in the case at bar are similar to those in *Evitts*. Respondent there was found guilty of "trafficking" a controlled substance. A timely notice of appeal was filed; counsel also timely filed this brief and record on appeal. However, in derogation of Kentucky appellate procedure, counsel failed to supply certain information, a "statement of appeal," which contains the names of parties, attorneys, the trial judge, dates of the judgment, notice of appeal, etc. The purpose for the "statement of appeal" is to assist the court in processing the appeal, but compliance is not jurisdictional. *England v. Spalding*, 460 S.W.2d 4, 6 (Ky.1970). For such failure to comply, the Court of Appeals dismissed the appeal, which disposition was affirmed by the Kentucky Supreme Court.

Ultimately, the issue of ineffective appellate counsel was heard by the United States Supreme Court, which granted habeas corpus relief and affirmed the federal district court's granting of relief by ordering either a reinstatement of the appeal *or* a retrial of the case.

In the case at bar, appellate counsel failed to meet certain requirements of Texas appellate procedure as propounded in article 40.09(2) and (5):

2. Designation of material for inclusion in the record

Each party may file with the clerk a written designation specifying matter for inclusion in the record. The appellant shall file his designation within 20 days after the giving of notice of appeal....

5. Responsibility for obtaining a transcription of the reporter's notes

If a party desires to have all or any portion of a transcription of the court reporter's notes included in the record, he shall so designate with the clerk in writing and within the time required by Section 2 of this Article. Such party shall then have the responsibility of obtaining such transcription from the court reporter and furnishing the same to the clerk in duplicate in time for inclusion in the record and the appellant shall pay therefor.

The effect of counsel's failure to designate a statement of facts of the suppression hearing for inclusion in the record, pursuant to article 40.09(2) and (5), is to place appellant in a position of having no appeal at all. Without a transcription of the testimony from the hearing on appellant's motion to suppress evidence, this Court has nothing to review. Thus, appellant is in no better position than if he had no counsel at all, *Evitts*, 105 S.Ct. at 836, and the appeal rendered a "meaningless ritual." *Id.* at 834.

A decent respect for the Sixth Amendment compels the conclusion that there is no logical basis "for drawing a distinction between retained and appointed counsel that would deny equal justice to defendants who must choose their own law-

yers." *See Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). The effectiveness of both appointed and retained counsel is now to be judged by a single standard under the Sixth Amendment, which is that of "reasonably effective assistance of counsel," formerly applied only to appointed counsel cases. In *Mercado v. State,* 615 S.W.2d 225 (Tex. Crim.App.1981), the Court of Criminal Appeals expressly repudiated the "breach of a legal duty" standard formerly applied in retained counsel cases.

■ We recognize that in determining whether an accused has been denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution, the particular circumstances of each individual case must be considered. *Avery v. Alabama,* 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); *Ex parte Prior,* 540 S.W.2d 723, 726 (Tex.Crim.App.1976); *Ex parte Gallegos,* 511 S.W.2d 510 (Tex.Crim.App.1974). The adequacy of an attorney's services must be gauged by the totality of the representation, *Ex parte Prior,* 540 S.W.2d at 727, and does not mean errorless counsel or representation judged by the superior light of hindsight. *See Witt v. State,* 475 S.W.2d 259, 261 (Tex.Crim.App.1971).

■ In the instant case, counsel's failure to comply with article 40.09(2) and (5) so vitiated appellant's appeal as to render his assistance wholly ineffective. We, therefore, return appellant to the initial point of the appellate process, when he gave notice of appeal. Each party may then follow the procedures of article 40.09 so that a meaningful appeal may be taken.

The order of the trial court denying appellant's request for a statement of facts is reversed, and appellant is granted an out-of-time appeal. All applicable time limits on appeal shall be calculated as if the notice of appeal were given on the date of the overruling of the final motion for rehearing of this Order, or on the 16th day after rendition of this Order if no motion for rehearing is filed.