James Blaine SHEAD, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–85–00595 to 05–85–00598–CR.

Court of Appeals of Texas, Dallas.

May 6, 1986.

Rehearing Denied June 4, 1986.

Melvyn Carson Bruder, Dallas, for appellant.

Donald G. Davis, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, HOWELL and HOLLINGSWORTH, JJ.

AKIN, Justice.

Appellant, James Blaine Shead, was convicted of four counts of theft. In our cause no. 05-85-00597-CR, he was assessed ten years' probation plus a $2,500 fine. He was assessed three years' confinement in the Texas Department of Corrections in each of the remaining cases. In four grounds of error, appellant contends that: 1) the district clerk erred by failing to include copies of a motion to dismiss in the record; 2) he was denied effective assistance of counsel when he was required to proceed on appeal without a statement of facts; and 3) the trial court erred in proceeding to trial on quashed indictments. We agree that appellant was denied effective assistance of counsel because appellant's counsel failed to timely designate the record on appeal to include the statement of facts. Accordingly, we abate the appeals and return the cases to the trial court so that appellant may include the statement of facts in the records on appeal.

■ In his second and fourth grounds of error, appellant argues that he has been denied effective assistance of counsel because 1) the trial court approved the records on appeal knowing that appellant was not represented by counsel up until the time of approval and 2) we refused him the right to file the statement of facts. Appellant's trial counsel gave notice of appeal on May 29, 1985. On July 2, the trial court notified trial counsel of completion of the appellate record in each case. On July 8, counsel wrote a letter to the deputy district clerk informing the clerk that he only represented appellant at the trial level, not on appeal, but that he could not understand

how the record could be complete when the statement of facts was not yet due to be filed. On July 10, the trial court sent appellant a letter stating that the court had been notified that appellant's trial counsel was no longer representing appellant and that appellant should have an attorney contact the court immediately so that the appeal could go forward. The letter pointed out that the statement of facts was due on July 29.[1] Appellant's counsel asserts that, while he represented appellant at trial, he was not retained to represent appellant on appeal until July 29. No objections to the records were filed, and the records were approved on July 30.

Appellant first argues that trial counsel's giving notice of appeal did not obligate him to represent appellant on appeal. Appellant contends, because the trial court was aware that he was not represented by counsel, that he desired to have a statement of facts, and presumptively that no designation of materials had been filed, the trial court effectively denied him assistance of counsel on appeal. Appellant cites *Conrad v. State*, 537 S.W.2d 755, 757 (Tex. Crim.App.1976), in which the court held that acting as retained counsel *at trial* does not bind counsel to furnish a record at his own expense on appeal. In *Robinson v. State*, 661 S.W.2d 279, 283 (Tex.App.—Corpus Christi 1983, no pet.), however, the court held that, by giving notice of appeal at the conclusion of a trial, an attorney voluntarily becomes the attorney on appeal. *See also Shead v. State*, 697 S.W.2d 784, 785 n. 2 (Tex.App.—Dallas 1985, no pet.).

■ Appellant contends that *Robinson* is contrary to *Conrad*. We disagree. *Robinson* and *Shead* stand for the proposition that, if an attorney gives notice of appeal, the attorney becomes the attorney of record on appeal. *Robinson* and *Shead* do not require the attorney on appeal to pay for the record. We agree with *Conrad* in this respect. But, short of paying for the

1. Although these letters are not contained in the transcripts filed in this Court, they are part of a pleading filed here, and thus we may consider

them. *See Salinas v. State*, 542 S.W.2d 864, 867 (Tex.Crim.App.1976).

appellate record out of his own pocket, the attorney on appeal is required to do all that is necessary to insure that the appellant receives effective assistance of counsel on appeal. *See Roberts v. State,* 705 S.W.2d 803, 804–05 (Tex.App.—Dallas 1986, no pet.); *see also Robinson,* 661 S.W.2d at 283.

■ Appellant argues alternatively that, if we conclude that he was represented by counsel during the relevant time period, then counsel rendered ineffective assistance by failing to designate the materials for inclusion in the records on appeal within twenty days of appellant's giving notice of appeal pursuant to article 40.09, section 2 of the Texas Code of Criminal Procedure.[2] Specifically, counsel did not timely designate a statement of facts, and consequently, we granted the State's motion for reconsideration of our order granting an extension of time for filing the statement of facts, set aside our prior order, and denied appellant's motion for an extension of time for filing the statement of facts. See *Shead,* 697 S.W.2d at 785–86. We adhere to our decision that no extension of time for filing the statement of facts may be granted unless a timely designation of the statement of facts has been made. In neither his motion to extend time for filing the statement of facts nor his response to the State's motion for reconsideration of our original order granting the extension did appellant claim that counsel was ineffective because counsel failed to timely designate the statement of facts. We agree with the contention as now raised that appellant was denied effective assistance when counsel did not timely designate the statement of facts under article 40.09, section 2.

In *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985), the Supreme Court held that there is a constitutional guarantee of effective assistance of counsel on appeal in every criminal prosecution, whether counsel is appointed or retained. *See also Roberts,* 705 S.W.2d at 805. In *Evitts,* appellate counsel filed a

timely notice of appeal, record, and brief. Counsel did not, however, file a "statement of appeal" containing the names of the appellants and appellees, counsel and the trial judge, the date of judgment, the date of notice of appeal, and certain other information. This document was required to be filed by a Kentucky rule of appellate procedure. The Kentucky Court of Appeals granted the Commonwealth's motion to dismiss because the "statement of appeal" was not filed. *Evitts,* 105 S.Ct. at 832. The granting of a writ of habeas corpus was affirmed by the Supreme Court on the ground that the appellant had been denied effective assistance of counsel. The Court held:

> In bringing an appeal as of right from his conviction, a criminal defendant is attempting to demonstrate that the conviction, and the consequent drastic loss of liberty, is unlawful. To prosecute the appeal, a criminal appellant must face an adversary proceeding that—like a trial—is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant—like an unrepresented defendant at trial—is unable to protect the vital interests at stake. To be sure, respondent did have nominal representation when he brought this appeal. But nominal representation on an appeal as of right—like nominal representation at trial—does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all.

*Id.* 105 S.Ct. at 836.

Similarly, in this case, appellant's counsel failed to file a designation of the statement of facts as required by the Texas Code of Criminal Procedure. Although the failure to file a statement of facts is not a reason to dismiss an appeal, its filing in this case is necessary for a meaningful appeal. *See Id.* 105 S.Ct. at 834. Appellant has alleged that the absence of a statement of facts

---

**2.** All statutory references herein are to TEX.  CODE CRIM.PROC.ANN. (Vernon Supp.1986).

denies him the opportunity for us to review two contentions: (1) that the evidence is insufficient to support the convictions because the State failed to prove that the alleged stolen property found in appellant's possession was in fact stolen property; and (2) that the trial court erred in denying appellant's motion to dismiss based on speedy trial grounds on the basis of evidence adduced at the hearing on that motion. If either of these contentions were sustained, appellant's conviction would be reversed. These contentions can only be reviewed by examining the statement of facts; consequently, the statement of facts is necessary for a meaningful appeal in these cases.

In *Vicknair v. State*, 702 S.W.2d 304, 306 (Tex.App.—Houston [1st Dist.] 1985, no pet.), the court of appeals held that the effect of counsel's failure to designate a statement of facts of the suppression hearing for inclusion in the record was "to place appellant in a position of having no appeal at all." Without the statement of facts, the court in *Vicknair* had nothing to review and stated that the appellant was in no better position than if he had no counsel at all. *Id.* We agree with the holding in *Vicknair* that counsel's failure in this case to comply with article 40.09, section 2 "so vitiated appellant's appeal as to render his assistance wholly ineffective." *Id.* at 307.

We note, however, that there is a line of cases which indicate that, *even when represented by counsel*, the appellant himself has the duty to request the statement of facts at the appropriate stage of the appellate process, and that, if that requirement is not met, the right to have it included in the record on appeal is waived. *Rhoda v. State*, 514 S.W.2d 937, 939 (Tex.Crim.App. 1974); *Robinson v. State*, 661 S.W.2d 279, 282 (Tex.App.—Corpus Christi 1983, no pet.); *Walker v. State*, 642 S.W.2d 189, 193–94 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). In those cases, however, no contention was raised with respect to ineffective assistance of counsel.

■ We do not disagree with the obligation of an appellant acting pro se or

before obtaining counsel to exercise due diligence in securing a statement of facts at the required time. *See Hagler v. State*, 163 Tex.Cr.R. 63, 288 S.W.2d 789, 790 (1956) (on rehearing); *Aguirre v. State*, 680 S.W.2d 567, 570 (Tex.App.—Corpus Christi 1984, no pet.). Likewise, we do not disagree that an indigent appellant has an obligation to use due diligence to request a statement of facts. *Zamora v. State*, 568 S.W.2d 355, 356 (Tex.Crim.App.1978); *Hoagland v. State*, 541 S.W.2d 442, 443 (Tex.Crim.App.1976); *see Hernandez v. State*, 670 S.W.2d 686, 689 (Tex.App.—Amarillo 1984, no pet.). In neither of these situations, however, was the appellant relying upon counsel to take the proper procedural steps for him. Consequently, ineffective assistance of counsel in those cases could not have been the reason for a statement of facts not being filed. Accordingly, we hold only that, when an appellant is represented by counsel, he has the right to rely on that counsel to effectively represent him on appeal.

Accordingly, we abate the appeal and return the case to the trial court to the time of appellant's giving notice of appeal so that a meaningful appeal may be sought. Notice of appeal shall be deemed to be given as of the sixteenth day after rendition of the order accompanying this opinion or, if a motion for rehearing is filed, as of the day after the date of the overruling of the final motion for rehearing of the order accompanying this opinion. *See Vicknair*, 702 S.W.2d at 307.