Guadalupe Trevino
**LONGORIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–85–193–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 26, 1986.

Guillermo Vega, Brownsville, Joseph Connors, III, McAllen, for appellant.

Ben Euresti, Jr., Dist. Atty., Brownsville, for appellee.

## OPINION

PER CURIAM.

Appellant was convicted of aggravated assault. Punishment was assessed at 10 years in the Texas Department of Corrections.

Appellant was sentenced on April 12, 1985. Appellant gave oral notice of appeal on that date. On May 16, 1985, the trial court appointed Hon. Ernesto Gamez, Jr., as counsel to represent appellant on appeal and also ordered that the transcript and statement of facts be prepared at no cost to the defendant. Subsequently, the trial court appointed Hon. Guillermo Vega to represent appellant on appeal. Mr. Vega filed a designation of record on September 9, 1985. In the designation of record, appellant requested to have the court reporter prepare a statement of facts and by order dated September 11, 1986, the trial court granted appellant's request.

No statement of facts has been filed. The court reporter in this case is Hector Sanchez.

On July 1, 1985, Hector Sanchez was found guilty of contempt in this Court for failing to prepare a statement of facts in another criminal appeal. This court ordered Sanchez to complete every record in cases which had been appealed, as a condition to the suspension of his sentence for his contempt violation. Ultimately, Sanchez did not comply with the conditions of suspension and was ordered to serve 30 days in the Nueces County Jail. *See In re Sanchez,* 698 S.W.2d 462 (Tex.App.—Corpus Christi 1985).

On November 14, 1985, Sanchez was ordered to prepare statements of facts in a number of criminal and civil appeals, including the present case. *See In re Sanchez,* 703 S.W.2d 307 (Tex.App.—Corpus Christi 1985).

On December 23, 1985, this Court held Sanchez in contempt for failing to prepare a statement of facts in a civil case, and ordered him to remain in the Nueces County Jail until that record was completed.

On December 30, 1985, the Supreme Court of Texas released Sanchez on bond pending review of this court's action. Sanchez was ultimately denied habeas corpus relief. *Ex parte Sanchez,* 703 S.W.2d 955 (Tex.1986). Following the Supreme Court's decision, Sanchez failed to surrender himself to the Nueces County Jail, and on February 26, 1986, this Court issued a capias for Sanchez' arrest.

To date, law enforcement authorities have been unable to apprehend Sanchez. Appellant has filed a motion for the reversal of his conviction on the grounds that he has been deprived of a statement of facts through no fault of his own. The State has not opposed the motion.

We agree that appellant's motion should be granted. Appellant has been denied a statement of facts through no fault of his own, and therefore is entitled to a reversal of his conviction. *See Castillo v. State,* 595 S.W.2d 552 (Tex.Crim.App.1980); *Robinson v. State,* 661 S.W.2d 279 (Tex.App.—Corpus Christi 1983, no pet.).

Appellant's motion to reverse and remand is granted. The judgment of the trial court is REVERSED and the cause is REMANDED to the trial court.