**Carey Michael ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–86–01193–CR.**

Court of Appeals of Texas, Dallas.

April 21, 1987.

E. Ray Andrews, Athens, for appellant.

Bruce Strange, Asst. Dist. Atty., Kaufman, for appellee.

Before ENOCH, C.J., and ROWE and HECHT, JJ.

PER CURIAM.

Carey Michael Allen appeals a conviction for driving while intoxicated. Punishment was assessed at thirty days probated and a fine of $500.00.

No statement of facts or motion to extend the time for filing the statement of facts was filed within the time allowed. Consequently, we ordered the trial court to conduct a hearing to determine whether appellant had been deprived of a statement of facts because of ineffective counsel or for any other reason, and to make findings of fact and conclusions of law. We directed the trial court to determine whether appellant desired to prosecute the appeal, whether appellant was indigent, or if not indigent, whether retained counsel had abandoned the appeal. If the trial court found that appellant was indigent, we directed it to take whatever measures necessary to assure effective representation, including appointment of new counsel. *See* TEX.R.APP.P. 53(m).

Pursuant to our order, the trial court conducted a hearing and prepared and filed findings of fact and conclusions of law. The record reflects that, immediately after sentencing, appellant's trial counsel, E. Ray Andrews, gave oral notice of appeal. Appellant stated, however, that he had no intention of having Andrews represent him on appeal, but rather, that his father intended to hire another attorney, a Mr. Hargraves, to represent him on appeal. Appellant further testified that he had the help of a third attorney in drafting his notice of appeal. Appellant signed the notice of appeal.

Although Andrews's name does not appear on the notice of appeal, he is shown as appellate counsel in our records because his name appeared on the docketing certificate [1] filed with the notice of appeal. The State's attorney explained at the hearing before the trial court that the County Clerk's office had asked him for assistance when they were preparing the paper work for the appeal, and that he had told them to put Andrews's name on the certificate since he did not know of anyone else representing appellant. The State's attorney stated that this was probably the reason that Andrews's name appeared on the certificate.

Andrews testified that all he had done toward the appeal was to give oral notice of appeal, ask the court reporter about the statement of facts, and advise appellant that he or appellant could pick up the statement of facts. According to Andrews, appellant told him that he was going to retain Hargraves to represent him on the appeal.

Appellant also testified that he is not indigent and that he is able to work. He stated that he "planned" to get Hargraves to represent him and that his father was taking care of it. Appellant testified that his father talked to Hargraves and that

---

1. In this Court, it is the practice in appeals from criminal convictions for the district or county clerk to file a docketing certificate with the notice of appeal. The certificate contains certain information about the appeal, including the offense for which the appellant was convicted, the date of sentencing, whether the appellant has been declared indigent, and the name of the attorneys on appeal.

Hargraves "was ready to be employed." Appellant said that he does not "understand the procedure as far as the legal part." Our record reflects that appellant has not yet hired Hargraves to represent him on the appeal.

■ We conclude that appellant has not been represented by an attorney on appeal. Although Andrews gave oral notice of appeal, the only notice effective to perfect the appeal was the written notice of appeal signed by appellant. TEX.R.APP.P. 40(b)(1). Therefore, giving oral notice of appeal did not make Andrews appellant's counsel on appeal. *Cf. Robinson v. State*, 661 S.W.2d 279, 283 (Tex.App.—Corpus Christi 1983, no pet.) (under former article 44.08(a) of the Texas Code of Criminal Procedure, attorney giving oral notice of appeal at the conclusion of trial voluntarily became attorney on appeal); *Shead v. State*, 697 S.W.2d 784, 785 n. 2 (Tex.App.—Dallas 1985, no pet.) (motion to extend time to file statement of facts denied), 711 S.W.2d 345 (Tex.App.—Dallas 1986, pet. ref'd) (appeal abated because of ineffective assistance of counsel).

In *Shead*, we held that, although an appellant represented by counsel has the right to rely on that counsel to represent him effectively on appeal, an appellant acting pro se or without counsel has an obligation to exercise due diligence in securing a statement of facts at the required time. 711 S.W.2d at 348. *See Hagler v. State*, 163 Tex.Cr.R. 63, 288 S.W.2d 789, 790 (1956) (on rehearing) (appellant's delay of forty-nine days from the time he gave notice of appeal to employ counsel to perfect the appeal did not show an exercise of diligence on his part to obtain the statement of facts in time to file it within the time allowed); *Aguirre v. State*, 680 S.W.2d 567, 570 (Tex.App.—Corpus Christi 1984, no pet.) (appellant failed to demonstrate her due diligence in requesting and preparing a record when, during the prescribed time for designation of the record, she remained at large without an approved appeal bond, fled the jurisdiction, retained no attorney, and failed to appear at a hearing on appointment of an attorney).

■ Not having made arrangements with an attorney to represent him on appeal, appellant had an obligation to see that his statement of facts was timely designated and filed. No statement of facts has been tendered. Under rule 53(m) of the new Rules of Appellate Procedure, this Court may order a late filing of a statement of facts. We do not direct that a statement of facts be filed in this case because appellant has not used diligence to obtain and file a statement of facts.

No brief has been filed, and the deadline has passed. No contentions of error are properly before us for review. Our examination of the transcript does not disclose any fundamental error.

The judgment is affirmed.