**Arturo SANCHEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04-85-00390-CR.**

Court of Appeals of Texas,
San Antonio.

June 10, 1987.

Charles A. Schmidt, San Antonio, for appellant.

Fred G. Rodriguez, Crim. Dist. Atty., Sam Millsap, Former Crim. Dist. Atty., Demetrio Duarte, Daniel Thornberry, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS, CANTU, JJ.

## OPINION

CANTU, Justice.

Appellant was found guilty of burglary of a building and assessed a term of five (5) years as punishment. Imposition of sentence was suspended and appellant was placed on probation. Subsequently, upon motion by the State and following a hearing thereon, appellant's probation was revoked. From the revocation, appellant gave timely notice of appeal on August 22, 1985, by and through his court-appointed counsel. Counsel for appellant took no further action in this cause until August 22, 1986, when he filed a motion for extension of time within which to file the statement of facts in this Court. In this motion, counsel made no explanation for the delay and this Court denied the motion.

Subsequently, counsel for appellant filed briefs in which he alleged that appellant

was denied effective assistance of counsel in that he was being required to proceed on the appeal without a statement of facts. Counsel also alleged ineffective assistance of counsel in that he failed to timely designate materials for inclusion in the record. The State then filed briefs in response. After examining the argument and authorities therein, this court then ordered that the statement of facts be filed no later than November 25, 1986. Appellant applied for and was granted an extension of time until December 22, 1986, and then the time was extended again until December 29, 1986. When the statement of facts was not filed, and upon receiving no further communication from either side, this Court entered an order on February 4, 1987, requiring the trial court to determine whether or not appellant was being deprived of a statement of facts due to ineffective assistance or for any other reason.

The trial court conducted the hearing on February 27, 1987. The trial court entered findings based upon the testimony adduced at the hearing. The record of the hearing and those findings are presently before us. The evidence produced at the hearing established that the court reporter's notes on the revocation hearing were lost and that there was no possibility that they could be found and reproduced for this appeal.

On March 10, 1987, this Court ordered the parties to determine whether or not it was possible for an agreed statement of facts to be produced. A hearing was conducted and both the State and counsel for appellant joined in an affidavit that an agreed statement of facts was not possible. The trial court entered findings to the same effect.

In the record before us, there is no evidence, and the trial court so found, that the failure to supply a statement of facts in this cause is in any manner attributable to the appellant personally. In fact, counsel for appellant has asserted that appellant was not at fault. Counsel for appellant asserts that his inaction is responsible for the absence of the statement of facts from the revocation hearing.

In *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), the Supreme Court held that there is a constitutional guarantee of effective assistance of counsel on appeal in every criminal prosecution whether that counsel is appointed or retained. Nominal representation on appeal as of right, like nominal representation at trial, does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all. *Evitts v. Lucey*, 469 U.S. at 396, 105 S.Ct. at 836. In the instant cause, appellant had the right to rely on his counsel to effectively represent him on appeal. *See Shead v. State*, 711 S.W.2d 345, (Tex.App.—Dallas 1986 pet. ref'd). Counsel's failure to designate a statement of facts for inclusion in the record on appeal and the failure to timely file for an extension of time within which to file the statement of facts at a time when the statement of facts could have been produced has rendered his assistance wholly ineffective. *Cf. Vicknair v. State*, 702 S.W.2d 304 (Tex.App.—Houston [1st Dist.] 1985, no pet.). Appellant has been denied a meaningful review of the revocation proceedings below becuase of his counsel's nominal representation on this appeal.

In the light of the foregoing, the judgment revoking appellant's probation is reversed and the cause is remanded.

CADENA, C.J., concurs.

BUTTS, Justice.

This is an appeal from a revocation of probation. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 8(a) (Vernon 1979). It is important to distinguish this kind of proceeding from a true criminal proceeding. Although the appeal from revocation of probation is considered on appellate review along with criminal cases, the hearing is actually in the nature of an administrative proceeding, and any proof offered must meet only the preponderance of the evidence standard. Appellate review of a revocation of probation proceeding is limited to a determination of whether the trial judge abused his discretion. *See*, general-

ly, *Bennett v. State,* 476 S.W.2d 281 (Tex. Crim.App.1972). Under the facts herein, it does not become necessary to hold there was ineffective assistance of counsel on appeal.

The transcript before this court contains the motion to revoke probation (including the amended ones) and the Order revoking probation. The Order finds that certain enumerated conditions were violated. It also recites that all procedural requisites were met, that appellant and his lawyer were present, that the State presented evidence, and notice was afforded appellant.

When appellant first requested an extension of time to file the statement of facts one year after notice of appeal of the revocation, no designation of the record had ever been made. This court denied the request then. I believe that was the correct disposition then and now.[1] However, upon reconsideration, this court granted an extension of time to file the statement of facts although designation of record had not yet been made.

The rules for timely designation of the record have been held to be binding on indigent criminal defendants as well as those represented by retained counsel. *Hoaglund v. State,* 541 S.W.2d 442, 442–43 (Tex.Crim.App.1976); *Ex parte Thorbus,* 455 S.W.2d 756, 758–59 (Tex.Crim.App. 1970). *See,* TEX.CODE CRIM.PROC. ANN. art. 40.09, § 2, in effect at the time of this revocation of probation hearing. To be diligent, appellant in this case was required to designate the record within twenty days of giving notice of appeal to include the statement of facts. As noted in *Shead v. State,* 697 S.W.2d 784, 785 (Tex.App.— Dallas 1985, no pet.) the rules at that time permitted the appellate court to extend the time for filing a statement of facts, but did not authorize an extension of the twenty-day limit for designating the record. *See, Rhoda v. State,* 514 S.W.2d 937, 939 (Tex. Crim.App.1974). For failure to meet the requirement, the right to have the statement of facts included would be waived.

It would be necessary to show that appellant bears the responsibility, along with his counsel, for lack of diligence in prosecuting the appeal according to the rules. *See Austell v. State,* 638 S.W.2d 888, 890 (Tex. Crim.App.1982); *Timmons v. State,* 586 S.W.2d 509 (Tex.Crim.App.1979). *Compare, Dunn v. State,* 733 S.W.2d 212 (Tex. Crim.App.1987) (illustrating diligence in requesting the statement of facts). However, here the trial judge found that appellant was without fault and that failure to have the statement of facts timely filed was not in any way due to negligence, laches, or other fault on the part of the appellant. *See Gamble v. State,* 590 S.W.2d 507, 508 (Tex.Crim.App.1979). Because of the finding, I concur in the result.

---

1. In an affidavit the court reporter testified he prepared a statement of facts in December 1985 (very few pages in length). It was apparently lost.