v.

The STATE of Texas, Appellee.

No. 05–88–00390–CV.

Court of Appeals of Texas, Dallas.

June 24, 1988.

Rehearing Denied Aug. 1, 1988.

Russell P. Brooks, Hunt County, for appellant.

F. Duncan Thomas, Hunt County, for appellee.

Before ENOCH, C.J., and BAKER and KINKEADE, JJ.

ORDER

BAKER, Justice.

The civil rules of appellate procedure apply in this cause. TEX.FAM.CODE ANN. sec. 56.01(b) (Vernon 1986); *cf. Tinker v. State*, 561 S.W.2d 200, 201 (Tex.Crim.App. 1978). Therefore, our jurisdiction to consider a motion to extend the time to file the statement of facts expired on May 3, 1988. *Chojnacki v. First Court of Appeals*, 699 S.W.2d 193, *passim* (Tex.1985) (per curiam). Accordingly, appellant's May 18, 1988 motion to compel for late filing of statement of facts is DENIED.

KINKEADE, J., dissenting.

KINKEADE, Justice, dissenting.

I respectfully dissent. Appellant E____ T____ J____ is a juvenile charged with (among other charges) a capital offense; this appeal is from the trial court's order certifying him to stand trial as an adult. The trial court conducted a hearing, pursuant to section 54.02(c) of the

Texas Family Code,[1] to determine: whether the alleged offense was committed in an aggressive and premeditated manner; appellant's sophistication and maturity; appellant's previous history; the prospects of adequate protection of the public; and the likelihood of appellant's rehabilitation. TEX.FAM.CODE ANN. sec. 54.02(f) (Vernon 1986). Because of appellant's indigency, the trial court appointed counsel to represent him at the hearing. Subsequently, when the trial court waived jurisdiction and certified appellant to stand trial as an adult, the same attorney undertook to represent appellant on this appeal; again the trial court entered an order appointing the attorney as counsel on appeal, because of appellant's indigency.

Appellant timely filed one motion to extend the time to file the statement of facts from the certification hearing, which we granted. The statement of facts therefore became due on April 18, 1988. The statement of facts was not tendered to the Court, however, until May 18. There was no intervening second motion to extend the time to file the statement of facts; such a second motion would have had to be filed no later than May 3. *Chojnacki v. Court of Appeals*, 699 S.W.2d 193, 193 (Tex.1985) (per curiam). Therefore, the clerk of the Court refused to file the statement of facts upon its tender on May 18. Appellant tendered the instant motion to compel the Court's clerk to file the statement of facts. The State does not oppose the motion. The majority, relying upon *Chojnacki*, has denied the motion.

Obviously, the trial court could make the determinations required by section 54.02(f) of the Texas Family Code only on the basis of evidence placed before it. *See, e.g., Moore v. State*, 713 S.W.2d 766, 768 (Tex. App.—Houston [14th Dist.] 1986, no writ). Without a statement of facts, however, we are effectively precluded from reviewing that evidence. *See Collins v. Williamson Printing Corp.*, 746 S.W.2d 489, 491–92 (Tex.App.—Dallas 1988, no writ). It necessarily follows that the majority's order de-

nying appellant leave to file the statement of facts will deprive appellant of effective assistance of counsel on this appeal. *See* TEX.R.APP.P. 83.

Indeed, this Court has earlier held that the failure of a criminal defendant's attorney to timely file the statement of facts upon appeal constituted ineffective assistance of counsel on the appeal, such that an out-of-time appeal had to be allowed. *Shead v. State*, 711 S.W.2d 345, 347 (Tex. App.—Dallas 1986, pet. ref'd); *see also Ward v. State*, 740 S.W.2d 794, 800 (Tex. Crim.App.1987) (en banc); *Sanchez v. State*, 733 S.W.2d 622, 623 (Tex.App.—San Antonio 1987, no pet.). Especially when the trial court appointed counsel to protect appellant's rights on this appeal, the effect of the majority's disposition of the instant motion completely undercuts the trial court's solicitation for those rights.

I acknowledge that the civil rules, and not the criminal rules, of appellate procedure apply in this case. TEX.FAM.CODE ANN. sec. 56.01(b) (Vernon 1986) (the requirements governing an appeal from a certification order "are as in civil cases generally"); *cf. Tinker v. State*, 561 S.W. 2d 200, 201 (Tex.Crim.App.1978). Nonetheless, I would hold that the application of section 56.01(b) to the facts of this case is unconstitutional, because it results in appellant's being denied effective assistance of counsel. U.S. CONST. amends. VI & XIV; TEX. CONST. art. I, § 10; *see also Ward*, 740 S.W.2d at 800. Certifying a juvenile to stand trial as an adult, facing a capital murder charge, is unquestionably incidental to a criminal proceeding. Because it is incidental to a criminal proceeding, rules 2(b) and 83 of the Texas Rules of Appellate Procedure should apply: the result should be, at most, an out-of-time appeal. *See In re V.G.*, 746 S.W.2d 500, 502 (Tex.App.—Houston [1st Dist.] 1988, no writ) (Cohen, J., concurring). We have held that an alleged contemner of a court order facing possible deprivation of his liberty in a contempt proceeding has a constitutional right to the assistance of counsel, regard-

---

1. TEX.FAM.CODE ANN. sec. 54.02(c) (Vernon 1986). Unless otherwise indicated, all statutory references are to the Texas Family Code.

less of whether that proceeding is considered "civil," "criminal," or "quasi-criminal" in nature. *Ex parte Walker*, 748 S.W.2d 21, 22 (Tex.App.—Dallas 1988, orig. proceeding).

Certainly a juvenile having to defend against a charge as serious as a capital one has no less a constitutional right to effective assistance of counsel at every stage of the proceeding against him, no matter how the nature of a particular step in that proceeding is technically characterized. We have recognized that "a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all." *Shead*, 711 S.W.2d at 347 (*quoting Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985)). The trial court did what it could to ensure effective assistance of counsel for appellant; we should be no less solicitous that appellant gets effective assistance. Instead, we appear to be compelling appellant to defend himself, as an adult, against a capital charge, because a court-appointed criminal defense attorney ran into an inflexible technicality of the civil rules of procedure. We are, in short, leaving appellant in no better position than if he had no counsel at all on this appeal.

Particularly should we consider appellant's appeal on the merits, because the statement of facts has been completed and tendered to this Court, pending the disposition of appellant's instant motion to compel the clerk to file it. Granting appellant's motion will result in no undue delay. I would therefore hold that adhering strictly to the Texas Rules of Appellate Procedure, as in civil actions generally, is unconstitutional, when, as here, the result is to deprive one appealing an order certifying him to stand trial as an adult of effective assistance of counsel on appeal, and, indeed, an effective appeal of any kind. I would therefore grant appellant's motion and order the clerk of the Court to file the statement of facts as of the date it was tendered to the Court.