766 S.W.2d 871 (1989)
E--- T--- J---, Appellant,
v.
The STATE of Texas, Appellee.
No. 05-88-00390-CV.
Court of Appeals of Texas, Dallas.
March 8, 1989.
Russell P. Brooks, Greenville, for appellant.
*872 W.D. Ballard, Asst. Dist. Atty., F. Duncan Thomas, Dist. Atty., for Hunt County, Greenville, for appellee.
Before STEWART, ROWE and OVARD, JJ.
ROWE, Justice.
Appellant, E____ T____ J____, is a juvenile alleged to have engaged in delinquent conduct. The trial court waived jurisdiction of this cause and transferred E____ T____ J____ to the district court for appropriate criminal proceedings. In his sole point of error, E____ T____ J____ complains that the evidence is insufficient to support the trial court's findings which serve as the basis for transferring him to the district court. We note that the record before us contains no statement of facts.[1] In the absence of a statement of facts, we must presume that sufficient evidence was introduced in the trial court to support its findings, and we cannot consider appellant's complaint that the evidence is insufficient. Collins v. Williamson Printing Corp., 746 S.W.2d 489, 491 (Tex.App.Dallas 1988, no writ); see Byrd v. Texas Dept. of Human Resources, 673 S.W.2d 640, 642 (Tex.App.San Antonio 1984, no writ); Hyatt Corp. v. Trahan, 521 S.W.2d 149, 150 (Tex.App.Dallas 1975, no writ). Accordingly, we overrule appellant's sole point of error.
We affirm the judgment of the trial court.
KINKEADE, Justice, dissenting.
Before the submission of this cause on its merits, E____ T____ J____, as appellant, filed a motion to compel the clerk of this Court to file late the statement of facts. The motions panel of this Court denied appellant's motion. It is to the motions panel's decision that I dissent.
Appellant is a juvenile charged with (among other charges) an attempted capital offense; this appeal is from the trial court's order waiving juvenile jurisdiction and allowing him to stand trial as an adult. The trial court conducted a hearing, pursuant to section 54.02(c) of the Texas Family Code,[1] to determine: whether the alleged offense was committed in an aggressive and premeditated manner; appellant's sophistication and maturity; appellant's previous history; the prospects of adequate protection of the public; and the likelihood of appellant's rehabilitation. TEX.FAM. CODE ANN. § 54.02(f) (Vernon 1986). Because of appellant's indigency, the trial court appointed counsel to represent him at the hearing. Subsequently, when the trial court waived jurisdiction and allowed discretionary transfer of the case to criminal district court, thereby allowing appellant to stand trial as an adult, the same attorney undertook to represent appellant on this appeal; again the trial court entered an order appointing the same attorney as counsel on appeal, because of appellant's indigency.
Appellant timely filed one motion to extend the time to file the statement of facts from the certification hearing, which we granted. The statement of facts therefore became due on April 18, 1988. The statement of facts was not tendered to the Court, however, until May 18. There was no intervening second motion to extend the time to file the statement of facts; such a second motion should have been filed no later than May 3. Chojnacki v. First Court of Appeals, 699 S.W.2d 193, 193 (Tex.1985) (per curiam). Therefore, the clerk of the Court refused to file the statement of facts upon its tender on May 18. Appellant tendered a motion to compel the Court's clerk to file the statement of facts. The State did not oppose the motion. The majority of the motions panel, relying upon Chojnacki, denied the motion.
*873 Obviously, the trial court could make the determinations required by section 54.02(f) of the Texas Family Code only on the basis of evidence placed before it. See, e.g., Moore v. State, 713 S.W.2d 766, 768 (Tex. App.Houston [14th Dist.] 1986, no writ). Without a statement of facts, however, we are effectively precluded from reviewing that evidence. See Collins v. Williamson Printing Corp., 746 S.W.2d 489, 491-92 (Tex.App.Dallas 1988, no writ). It necessarily follows that the motions panel's order denying appellant leave to file the statement of facts will deprive appellant of effective assistance of counsel on this appeal. See TEX.R.APP.P. 83.
In criminal cases, the Texas Rules of Appellate Procedure address this precise problem. Rule 53(m) states:

When No Statement of Facts Filed in Appeals of Criminal Cases. ... If no statement of facts has been filed, the appellate court may order the trial court to hold a hearing to determine whether the appellant has been deprived of a statement of facts because of ineffective counsel or for any other reason, to make findings of fact and conclusions of law, to appoint counsel if necessary, and to transmit to the appellate court the record of the hearing. The appellate court may order a late filing of statement of facts.
TEX.R.APP.P. 53(m) (emphasis added). The fact that the trial court appointed counsel to represent appellant illustrates that the present proceeding is not purely civil in nature. In juvenile proceedings, the "civil" label-of-convenience is a "feeble enticement" to disregard substance. See In re Gault, 387 U.S. 1, 50, 87 S.Ct. 1428, 1455, 18 L.Ed.2d 527 (1967).
Indeed, this Court has earlier held that the failure of a criminal defendant's attorney to timely file the statement of facts upon appeal constituted ineffective assistance of counsel on the appeal, such that an out-of-time appeal had to be allowed. Shead v. State, 711 S.W.2d 345, 347 (Tex. App.Dallas 1986, pet ref'd); see also Ward v. State, 740 S.W.2d 794, 800 (Tex. Crim.App.1987) (en banc); Sanchez v. State, 733 S.W.2d 622, 623 (Tex.App.San Antonio 1987, no pet.). Especially when the trial court appointed counsel to protect appellant's rights on this appeal, the effect of the motions panel's disposition of the motion to compel the filing of the statement of facts completely undercuts the trial court's solicitude for those rights. "These rights are meaninglessan illusion, a mockeryunless counsel" functions. See Kent v. United States, 383 U.S. 541, 561, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84 (1966).
I acknowledge that the civil rules, and not the criminal rules, of appellate procedure apply in this case. TEX.FAM.CODE ANN. § 56.01(b) (Vernon 1986) (the requirements governing an appeal from a certification order "are as in civil cases generally"); cf. Tinker v. State, 561 S.W. 2d 200, 201 (Tex.Crim.App.1978). Nonetheless, I would hold that the application of section 56.01(b) to the facts of this case is unconstitutional, because it results in appellant's being denied effective assistance of counsel. U.S. CONST. amends. VI & XIV; TEX. CONST. art. I, § 10; see also Ward, 740 S.W.2d at 800. Waiving jurisdiction in juvenile court and granting discretionary transfer of the case, thereby allowing a juvenile to stand trial as an adult to face an attempted capital murder charge, is unquestionably incidental to a criminal proceeding. Because it is incidental to a criminal proceeding, rules 2(b) and 83 of the Texas Rules of Appellate Procedure should apply: the result should be, at most, an out-of-time appeal. See In re V.G., 746 S.W.2d 500, 502 (Tex.App. Houston [1st Dist.] 1988, no writ) (Cohen, J., concurring). We have held that an alleged contemner of a court order facing possible deprivation of his liberty in a contempt proceeding has a constitutional right to the assistance of counsel, regardless of whether that proceeding is considered "civil," "criminal," or "quasi-criminal" in nature. Ex parte Walker, 748 S.W.2d 21, 22 (Tex.App.Dallas 1988, orig. proceeding).
"[C]ivil labels and good intentions do not themselves obviate the need for criminal due process safeguards in juvenile courts,...." In re Winship, 397 U.S. 358, 365-66, 90 S.Ct. 1068, 1073-1074, 25 L.Ed. *874 2d 368 (1970). The United States Supreme Court said that juveniles need the assistance of counsel to cope with problems of law, to insist upon regularity of the proceedings, and to make skilled inquiry into the facts. In re Gault, 387 U.S. at 36, 87 S.Ct. at 1448. "The child `requires the guiding hand of counsel at every step in the proceedings against him.'" Id. (emphasis added).
The United States Supreme Court has held that the juvenile court's decision to waive jurisdiction and send the juvenile to the criminal courts is "critically important." Kent, 383 U.S. at 560, 86 S.Ct. at 1056. "It is clear beyond dispute that the waiver of jurisdiction is a `critically important' action determining vitally important statutory rights of the juvenile." Id. at 556, 86 S.Ct. at 1054. In Kent itself, the waiver of jurisdiction "was potentially as important to [Kent] as the difference between five years' confinement and a death sentence,...." Id. at 557, 86 S.Ct. at 1055. A juvenile is entitled "to the essentials of due process and fair treatment." Id. at 562, 86 S.Ct. at 1056. The Supreme Court determined that juveniles must be afforded counsel in waiver proceedings. Id. "The right to representation by counsel is not a formality.... It is the essence of justice." Id. at 561, 86 S.Ct. at 1057. "[T]here is no place in our system of law for reaching a result of such tremendous consequences without ceremonywithout hearing, without effective assistance of counsel, without a statement of reasons." Id. at 554, 86 S.Ct. at 1053 (emphasis added).
Certainly a juvenile having to defend against a charge as serious as an attempted capital murder has no less a constitutional right to effective assistance of counsel at every stage of the proceeding against him, no matter how the nature of a particular step in that proceeding is technically characterized. We have recognized that "a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all." Shead, 711 S.W.2d at 347 (quoting Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985)). The trial court did what it could to ensure effective assistance of counsel for appellant; we should be no less solicitous that appellant gets effective assistance. Instead, we appear to be compelling appellant to defend himself, as an adult, against an attempted capital charge, because a court-appointed criminal defense attorney ran into an inflexible technicality of the civil rules of procedure. We are, in short, leaving appellant in no better position than if he had no counsel at all on this appeal.
Particularly should we consider appellant's appeal on the merits, because the statement of facts has been completed and tendered to this Court, pending the disposition of appellant's motion to compel the clerk to file it. Granting appellant's motion will result in no undue delay. I would therefore hold that adhering strictly to the Texas Rules of Appellate Procedure, as in civil actions generally, is unconstitutional, when, as here, the result is to deprive one appealing an order making him stand trial as an adult of effective assistance of counsel on appeal, and, indeed, an effective appeal of any kind. I would therefore grant appellant's motion and order the clerk of the Court to file the statement of facts as of the date it was tendered to the Court.
NOTES
[1] Before submission of this appeal on its merits, appellant tendered the statement of facts to this Court thirty days late and filed a motion to compel this Court's clerk to file it. The motions panel, with Justice Kinkeade dissenting, denied appellant's motion to compel, 753 S.W.2d 487. Appellant has not complained to this panel about the motions panel's ruling.
[1] TEX.FAM.CODE ANN. § 54.02(c) (Vernon 1986). Unless otherwise indicated, all statutory references are to the Texas Family Code.