**R. Wendell HOYLE, Appellant,**

v.

**STATE of Texas, State.**

**No. 2-86-173-CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 14, 1987.

---

R. Wendell Hoyle, pro se.

Richard Hattox, Dist. Atty., Granbury, for State.

Before FARRIS, KELTNER and LATTIMORE, JJ.

## OPINION

KELTNER, Justice.

R. Wendell Hoyle appeals a conviction for fraud in the sale of securities. Punishment was assessed by the jury at five years in the Texas Department of Corrections, probated, and a $10,000 fine.

Hoyle was sentenced on July 11, 1986, and gave his notice of appeal on the same day. Hoyle filed a motion for new trial which was overruled.

As a result, the transcript and statement of facts were due to be filed 100 days after sentencing on October 29, 1986. TEX.R. APP.P. 54(b). The transcript was timely filed. However, the statement of facts was not.

At the time of filing the transcript, Hoyle was notified that his brief was due on November 24, 1986, thirty days from the filing of the transcript. TEX.R.APP.P. 74($l$)(2). However, Hoyle did not file a brief.

In an abundance of precaution, the clerk of this court notified Hoyle on January 30, 1987, that the statement of facts and brief had not been filed. Hoyle was notified that if he did not respond within ten days, the appeal would be abated and the trial court ordered to conduct a hearing pursuant to TEX.R.APP.P. 74($l$)(2).

Hoyle did not respond, and as a result, the court entered an order pursuant to TEX.R.APP.P. 74($l$)(2), ordering the trial court to immediately conduct a hearing to determine whether Hoyle desired to prosecute his appeal, whether Hoyle was indigent, or, if not indigent, whether any retained counsel had abandoned the appeal. The trial judge was ordered to make appropriate findings and recommendations and return them along with the record to this court no later than April 17, 1987.

The trial court did conduct a hearing. During that hearing, Hoyle announced he desired to appeal. He stated that he did not have the money to hire a lawyer. However, he admitted that he was employed and would soon be receiving social security payments for a combined monthly income of over one thousand dollars. He admitted he had not contacted lawyer to represent him and did not know the cost of legal services. He also admitted that he had never contacted the court reporter to determine the costs of the statement of facts.

Thereafter, Hoyle filed a document requesting extension of time to file the statement of facts. In the motion, Hoyle requested additional time to hire a lawyer and make arrangements for filing the statement of facts. On receiving the record and the motion from the trial court, this court entered an order reinstating the appeal, ordering that the statement of facts be filed by July 31, 1987, and further ordering that appellant's brief was to be filed by August 29, 1987.

Neither the statement of facts nor the brief have been filed. However, on September 11, 1987, the court received a letter from Hoyle stating that the statement of facts had not yet been requested and a lawyer had not been retained.

Texas courts have held that an appellant acting *pro se* has an obligation to exercise due diligence in timely filing the statement

of facts and brief. *Allen v. State,* 730 S.W.2d 374, 376 (Tex.App.—Dallas 1987, no pet.); *Shead v. State,* 711 S.W.2d 345, 348 (Tex.App.—Dallas 1986, pet. ref'd).

In the instant case, this court has stretched the rules to give Hoyle the requested opportunity to hire a lawyer and file both the statement of facts and brief. However, Hoyle has not retained a lawyer to represent him on appeal. As a result, he had the obligation to see that the statement of facts was timely designated and filed. *Allen,* 730 S.W.2d at 376.

No statement of facts has been tendered and Hoyle has not demonstrated due diligence. As a result, we overrule appellant's motion for extension of time.

Additionally, no brief has been filed and the deadline has long since passed. No contentions or points of error are properly before us for review. Our examination of the transcript does not disclose any fundamental error.

The judgment of the trial court is affirmed.