WINSTON INTERNATIONAL
ELECTRONICS, INC., et al.,
Appellants,

v.

RIO RADIO SUPPLY, INC., Appellee.

No. 13–86–426–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 4, 1986.

Rehearing Denied Jan. 15, 1987.

Larry Watts, Houston, for appellants.

O.C. Hamilton, Jr., Neil Norquest, Keith Livesay, McAllen, for appellee.

OPINION

PER CURIAM.

Judgment in the above cause was signed on June 3, 1986. Pursuant to Tex.R.App.P. 54, the deadline for filing the record was September 11, 1986. On September 10, 1986, appellant filed an unverified motion for extension of time to file the record, requesting an extension until October 10, 1986. The motion states that the delay in securing the record was due to the inability of appellants to obtain a hearing on their Motion for Recusal. We find that the delay in filing the record was due to appellant's failure to timely designate the record. The motion is denied, and the appeal is dismissed.

Pursuant to Tex.R.App.P. 51(b) and 53(a), *at or before* the time prescribed for perfecting an appeal, a written designation specifying matter for inclusion in the transcript is to be filed with the clerk and a written request designating the portion of the evidence and other proceedings to be included as part of the statement of facts is to be made to the court reporter. In this case, the last day for designating the record was September 2, 1986.

On September 19, 1986, this Court received appellee's response to appellants' motion. Attached to the response are affidavits of the court reporter and the deputy district clerk. In her affidavit, the deputy clerk states that she did not receive a written designation from appellants until September 12, 1986. She also states that, had

she received the designation at the time of perfection (by September 2, 1986), she could have prepared the transcript for timely filing. Similarly, the court reporter states that the only written designation for the statement of facts which he received was on September 12, 1986. He further states that, had he received a designation at the time of perfection (September 2, 1986), he could have prepared a statement of facts for timely filing.

 Appellants' statement that the delay in securing the record is due to the inability of appellants to obtain a hearing on their Motion for Recusal is without merit. Appellants have failed to reasonably explain their delay in designating the record and filing it. It is undisputed that the trial court denied the Motion for Recusal on August 28, 1986. Appellants, after learning of the decision by the trial court, failed to proceed promptly with the proper appellate steps. Appellants had until September 2, 1986, to file the designations but failed to do so until September 12, 1986, one day after the date for the filing of the record. Had the appellants filed their designation timely, the record would have been timely filed.

In an attempt to clarify the status of the filing of the record, appellants have filed a second motion for extension of time to file the record, along with an affidavit of the court reporter. In this affidavit, the reporter continues to state that no *written* designation was received by him until September 12, 1986. However, he further states that a copy of the statement of facts was delivered to the appellants' attorneys before September 12, 1986. If appellants were in possession of the statement of facts before the deadline for filing same, then certainly they cannot now complain that the delay in filing the record was due to the inability to obtain a hearing on the Motion for Recusal. It thus appears that the only delay in timely filing the statement of facts was appellants' failure to forward the statement of facts to this Court.

We pause to note that this is a discovery sanctions case. Upon the appellee's fifth motion for sanctions, the appellants' answers and counterclaims were struck for failure to comply with orders of the trial court. Once the pleadings were struck, a default judgment was entered against the appellants. The record clearly shows that this case has been plagued with delays throughout its entire history.

Having considered appellants' failure to timely designate and file the record and appellants' failure to reasonably explain the failure to do so, this Court is of the opinion that the motions for extension of time to file the record and brief should be denied. Appellee's motion to dismiss the appeal is granted, and the appeal is dismissed. The appeal is hereby DISMISSED.