**Randy Wayne SWANN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–87–165–CR.**

Court of Appeals of Texas, Fort Worth.

Oct. 21, 1987.

Fred Nies, II, Denton, for appellant.

Jim Crouch, Asst. Dist. Atty., Denton, for state.

Before FARRIS, KELTNER and LATTIMORE, JJ.

## OPINION AND ORDER ON MOTION FOR EXTENSION OF TIME TO FILE STATEMENT OF FACTS

KELTNER, Justice.

The issue before the court is whether this court should grant an extension of time to file a statement of facts.

The appellant was convicted of injury to a child pursuant to TEX.PENAL CODE ANN. sec. 22.04 (Vernon 1974). The court assessed punishment at fifty-five years in the Texas Department of Corrections.

Appellant perfected his appeal on July 23, 1987. As a result, the transcript and the statement of facts were due to be filed in this court by August 23, 1987. The transcript was timely filed. Out of an abundance of precaution, this court notified appellant's counsel on August 18, 1987, that the statement of facts had not been filed. Unfortunately, the statement of facts has yet to be filed. Instead, we received a letter on September 18, 1987, in which the appellant, through his counsel, filed his first motion to extend time to file a statement of facts.

In that motion, counsel for appellant states that he sent a handwritten letter to the court reporter, requesting the statement of facts on July 28, 1987. A copy of that letter is attached to the motion. It is undated and bears no file mark. Also, appellant's counsel has attached the affidavit of the court reporter who states that she did not receive the letter requesting preparation of the statement of facts and she cannot complete the statement of facts until October 6, 1987.

Unfortunately, the motion and its attachments fall afoul of the Rules of Appellate Procedure. First, the unverified motion is filed more than fifteen days after the last date for filing the statement of facts, in violation of TEX.R.APP.P. 54(c). Additionally, the motion does not state why motion was not timely filed. Second, the unverified handwritten letter to the court reporter is not dated, so this court cannot determine whether a timely request for statement of facts was made. Third, the handwritten letter does not bear a file mark demonstrating that it was filed with the clerk of the trial court, in violation of TEX. R.APP.P. 53(a). Fourth, the letter does not show a certificate of service demonstrating that a copy was served on the State of Texas, in violation of TEX.R.APP.P. 53(a). Fifth, the motion for extension of time is not verified. As a result, it is impossible for this court to determine that the matters contained therein are accurate.

At the current time, the appellant finds himself in a precarious position. The statement of facts are not timely requested or filed. Likewise, motion for extension of time to file the statement of facts was not timely filed. Since the statement of facts has not yet reached this court, the appellant's brief was due 30 days from the filing of the transcript. It is now overdue.

If this were a civil case, we would be forced to deny the appellant's motion for extension of time to file the statement of facts. *Winston Intern. Elec. v. Rio Radio Supply*, 726 S.W.2d 161, 161 (Tex.App.—Corpus Christi 1986, no writ); *Adams v. H.R. Management and La Plaza, Ltd.*, 696 S.W.2d 256, 257–58 (Tex.App.—San Antonio 1985, no writ). Likewise, if the appellant was serving as his own counsel, we might deny the motion for extension of time on grounds that due diligence was not used in filing the statement of facts. *Allen v. State*, 730 S.W.2d 374, 375 (Tex.App. —Dallas 1987, no pet.).

However, the appellant is represented by counsel and we are reluctant to visit the procedural sins of counsel on the appellant in a criminal case. Fortunately, Appellate Rule 53(m) allows us to order a late filing of statement of facts. Unlike its counterparts elsewhere in the rules of appellate procedure, subdivision (m) of Rule 53 does not require that a motion be filed within 15 days of the due date of the unfiled item. Instead, the intent of subdivision (m) is to allow appellate courts great discretion in criminal matters where the appellant's rights would be adversely affected if no statement of facts is filed.

As a result, we grant the appellant's motion for extension of time to file the statement of facts. However, in other cases, we reserve the right under Appellate Rule 53(m) to abate the appeal and remand the cause to district court to determine whether the appellant has "been deprived of a statement of facts because of ineffective counsel or for any other reason...."