**SUMNER & GREENER, a Texas General Partnership, and Houcon, Inc., f/k/a Greener and Sumner Construction, Inc., Appellants,**

v.

**Curtis E. and Kathleen CARLSON, and Jack and Suzanne Bourn, Appellees.**

No. 2–87–185–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 22, 1987.

Vial, Hamilton, Koch & Knox, and D. Bradley Dickinson, Dena L. Marthis, and James L. Clutts, Jr., Dallas, for appellants.

Hickey and Wood, and R. William Wood, Denton, for appellees Curtis and Kathleen Carlson.

Loveless, Kelsey, Gregory, Holdt & Phillips, and Michael J. Whitten, Denton, for appellees Jack and Suzanne Bourn.

Before JOE SPURLOCK, III,
FARRIS and KELTNER, JJ.

## OPINION ON MOTION FOR EXTENSION OF TIME TO FILE RECORD ON APPEAL

KELTNER, Justice.

Appellants (Sumner and Greener, a Texas general partnership, and Houcon, Inc., f/k/a Greener and Sumner Construction, Inc.), filed a motion to extend time for filing the record. Appellees (Curtis E. and Kathleen Carlson, and Jack and Suzanne Bourn), filed a response objecting to that motion.

We write to clarify a troublesome question in the law—whether to grant an extension of time to file the statement of facts when a request was made within the time period provided by TEX.R.APP.P. 53(a), but when the request was not made in time to permit the court reporter to prepare and file a statement of facts in the time period allowed by TEX.R.APP.P. 54(a).

The current rules of appellate procedure create a time bind which has plagued appellate courts for years. Appellate Rule 54(a) requires that a statement of facts be filed within 100 days of the date of the judgment, if a timely filed motion for new trial is made by any party.[1] However, appellate Rule 53(a) dictates that the appellant need not make a written request for the statement of facts until at or before the time prescribed for perfecting the appeal. (Appellate Rule 41(a)(1) states that when a timely filed motion for new trial has been filed by any party, the time for filing the cost bond, or substitute, to perfect the appeal is within 90 days of signing of the judgment.)

As a result, under the current rules, it is possible to wait to file a timely request for the statement of facts, in a case in which timely filed motion for new trial has been filed, until 10 days before the statement of facts is due to be filed in the appellate court. Obviously, a court reporter cannot dictate and transcribe the notes of the trial within this short time period in all but the most unique circumstances.[2]

The instant case is illustrative of the problem. Judgment in this case was signed by the trial judge on June 12, 1987. Thereafter, appellants filed a timely motion for new trial, which was overruled on August 11, 1987. The cost bond was filed on August 18, thereby perfecting the appeal. However, the cost bond was not due until September 11, 1987. Therefore, the appellants had until September 11 to file a written request for the statement of facts. The statement of facts was due on September 21, 1987.

Appellants filed the actual written request for a statement of facts on September 8, 1987. The court reporter informed the parties that she could not complete the statement of facts before the filing deadline of September 21, 1987. Her affidavit to this effect is attached to the motion for extension of time to file the record. In that motion, appellants state that they "[j]ust recently" received authority to proceed with an appeal. Appellants also state that the trial lasted from April 27 through May 6, 1987, and that the court reporter estimates the statement of facts would be approximately 1300 pages in length. The motion also recited that the court reporter had other duties, including preparing a statement of facts in a criminal case. As a

1. Rule 54 has been amended (effective January 4, 1988) to allow the statement of facts to be filed 120 days after the judgment is signed, if the timely filed motion for new trial has been filed by any party.

2. Currently, many court reporters utilize the computer-aided transcript (CAT) system to produce a written statement of facts. The CAT system produces a quick question and answer copy that is reduced to written form. It is increasingly used by court reporters throughout

the State and radically cuts down on the time necessary to file statement of facts.

At the present time, the State Bar, through its Court Costs, Efficiency and Delay Committee, is experimenting with an electronic recording (ER) system. In the ER system, the court proceedings are recorded on tape. At the end of the trial, a tape can be requested from a court recorder (no court reporter is used). It is then the duty of the lawyer or party to transcribe that portion of the record necessary for appeal into written question and answer form.

result, appellants seek a 90 day extension of time (December 20) to file the statement of facts.

In their response to the motion, the appellees attached a second affidavit from the court reporter. In the second affidavit, the court reporter averred that she was contacted by appellants around August 1, and asked what prerequisites were necessary in the preparation of the statement of facts. She further stated that she informed appellants' counsel that she required both a written request for the statement of facts and a deposit for costs for the preparation of the statement of facts before she would begin the actual preparation. The court reporter further stated that if she had received both a written request and deposit around the first of August, the statement of facts would have been timely filed. However, the written request was not received by the court reporter until September 8, 1987. She confirmed that she was involved in the preparation of the statement of facts in a criminal case which would delay the preparation of the statement of facts in the instant case for at least 90 days. However, she also stated that she would not have been able to prepare and file the statement of facts within the time period, even if she had not been working on the criminal case.

Simply stated, appellees ask us to declare that a request for preparation of the statement of facts, even though made within the time period allowed by Rule 53(a), is not timely if the appellant has reason to believe that the preparation of the statement of facts cannot be filed within the time limit set by Rule 54(a). This we decline to do.

■ Our Supreme Court has wisely relaxed many of the technical rules in appellate procedure in order to insure that appeals are decided on their merits and not procedural technicalities. *Inpetco, Inc. v. Texas American Bank/Houston*, 729 S.W.2d 300, 300 (Tex.1987); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 632 (Tex.1986) (opinion on reh'g). As a result, we hold that a request for statement of facts made within the time prescribed by Rule 53(a) is timely, as a matter of law. If the state-ment of facts cannot be filed before the deadline established by Rule 54(a), the Court of Appeals must grant an extension of time if a motion is presented "reasonably explaining the need" for the extension of time. TEX.R.APP.P. 54(c). The court reporter's workload is such a reasonable explanation.

This does not mean that the Court of Appeals is bound by averments made by the court reporters as to their workloads. In some instances, we have been compelled to deny extensions of time and required trial judges to order their court reporters to file the statement of facts by an earlier date than desired by the court reporter.

The appellees, in a well reasoned and well written brief, have urged us to adopt a rule to refuse motions for extension of time when the appellant has delayed his request until the last minute allowed by the rules. The cases cited in support of this rule are not in point. In each of the cases, the appellant did not timely file a written request in accordance with Rule 53(a). *Winston Intern. Elec. v. Rio Radio Supply*, 726 S.W.2d 161, 162 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *McKellips v. McKellips*, 712 S.W.2d 540, 542 (Tex.App.—El Paso 1986, no writ).

■ However, there is an additional reason not to adopt the rule urged by appellees. Appellate Rule 53(a)'s deadline for requests creates some certainty in the law. A request made before that time will necessarily be timely. However, a request of a court reporter made after that time may prevent the Court of Appeals from allowing an extension of time to file a statement of facts. *Winston Intern. Elec.*, 726 S.W. 2d at 161; *Adams v. H.R. Management and La Plaza, Ltd.*, 696 S.W.2d 256, 257–58 (Tex.App.—San Antonio 1985, no writ). Before the adoption of Rule 53(a)'s predecessor, the rules of procedure only required that the appellant, "*promptly ... request preparation of a statement of facts.*" *Patterson v. Hall*, 430 S.W.2d 483, 485 (Tex. 1968). This "subjective" test created great problems, which required the Courts of Appeals to consider the factual circumstances of each case separately. *Id.* at 485. We do

not wish to return to those days of uncertainty.

We find that the motion for extension of time to file statement of facts should be granted.