**Alberto DE LA GARZA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–88–445–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 30, 1988.

Guadalupe Olvera, III, Brownsville, for appellant.

Ben Euresti, Jr., Dist. Atty., Brownsville, for appellee.

## OPINION

UTTER, Justice.

Appellant was convicted of delivering marihuana and sentenced to serve 20 years in the Texas Department of Corrections. Appellant was sentenced in open court on July 28, 1988. No motion for new trial was filed. Pursuant to Tex.R.App.P. 54(b), the statement of facts was due to be filed in this Court by September 26, 1988. No statement of facts was filed by that date.

Tex.R.App.P. 54(c) provides that an extension of time may be granted for the late filing of a statement of facts:

> if a motion reasonably explaining the need therefor is filed by appellant with the court of appeals not later than fif-

teen days after the last date for filing the record.

Accordingly, appellant was required by Rule 54(c) to file his motion on or before the fifteenth day after September 26, 1988, which would be by October 11, 1988. Appellant did not file his motion until October 19, 1988. Accordingly, appellant failed to comply with the procedural requirements of Rule 54(c).

In his motion, the only explanation stated by the appellant's attorney was that his motion should be granted because he had been working on other appeals and his daily work, which had "set him far behind." Appellant attached to his motion an affidavit of the official court reporter. She stated she completed the statement of facts on September 19, 1988 and notified appellant of its completion. She stated that the statement of facts was ready for appellant's "pick-up" on September 19, 1988.

Tex.R.App.P. 73(i) provides that when an extension of time is requested for filing the statement of facts, the facts relied upon to reasonably explain the need must be supported by the affidavit of the court reporter or trial judge.

The term "reasonably explaining" means any plausible statement of circumstances indicating that the failure to file within the appropriate deadline was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. *Meshwert v. Meshwert,* 549 S.W.2d 383, 384 (Tex.1977).

Although appellant attached the court reporter's affidavit to his motion, the affidavit does not support the motion. If anything, the court reporter's affidavit shows that the statement of facts was completed one week before the original appellate deadline. Appellant does not reasonably explain in his motion or in his own affidavit why a completed statement of facts could not be timely filed.

Accordingly, appellant has failed to satisfy that portion of Rule 54(c) which requires a reasonable explanation for an extension of time.

Because appellant's motion is late and his explanation is not reasonable, his motion is denied. The appeal will be considered without a statement of facts.

SEERDEN, J., files a dissenting opinion in which DORSEY J., joins.

SEERDEN, Justice, dissenting.

I respectfully dissent. I also dissented on similar grounds in *Gomez v. State,* 763 S.W.2d 583 (Tex.App.—Corpus Christi, 1988, no pet.), and joined with Justice Dorsey in his dissent in *Garcia v. Kastner Farms, Inc.,* 761 S.W.2d 444 (Tex.App.—Corpus Christi, 1988, no writ). While the principles applied are the same, a different rule of appellate procedure is involved. This case involves a Tex.R.App.P. 54(c) motion to file a statement of facts, rather than a notice of appeal. Since the filing of a statement of facts is not a jurisdictional matter, we have more discretion to grant this motion.

The danger of not granting the motion is similar to that in the *Gomez* case. An appeal's purpose is to determine whether an individual has been lawfully convicted. The sufficiency of the evidence will not be considered except on direct appeal. *See Willis v. State,* 626 S.W.2d 500, 504 (Tex. Crim.App.1979); *Ex parte Ash,* 514 S.W.2d 762, 763 (Tex.Crim.App.1974). Without a statement of facts, we cannot properly review points on sufficiency of the evidence, and that review is forever lost to appellant.

In this case, we are precluding the review on the merits of any sufficiency questions by rejection of the filing of the statement of facts.

I would grant the motion for extension of time to file the statement of facts.

DORSEY, J., joins.