**Joseph GUERRA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–88–358–CR.**

Court of Appeals of Texas,
Corpus Christi.

Jan. 19, 1989.

E. Dale Robertson, Brownsville, for appellant.

Ben Euresti, Jr., Dist. Atty., Brownsville, for appellee.

## OPINION

UTTER, Justice.

Appellant has filed a motion for extension of time to file the statement of facts. For the following reasons, we deny the motion and will consider the appeal without a statement of facts.

Appellant pled guilty to the offense of criminal mischief and the trial court assessed punishment at five years imprisonment plus a fine. Sentence was suspended and appellant was placed on probation on August 12, 1988. No motion for new trial was filed.

Tex.R.App.P. 54(b) provides that the statement of facts "shall be filed in the appellate court within sixty days after the day sentence is imposed or suspended in open court or the order appealed from has been signed, if a motion for new trial is not filed." By application of Rule 54(b), appellant's statement of facts was due in this Court by October 11, 1988. The statement of facts was not filed by that date.

A party who has not complied with the filing timetable may obtain an extension of time for the late filing of the statement of facts. Tex.R.App.P. 54(c) addresses the requisites for extensions. It provides:

(c) Extension of Time. An extension of time may be granted for late filing in a court of appeals of a transcript or statement of facts, if a motion reasonably explaining the need therefor is filed by appellant with the court of appeals *not later than fifteen days after the last date for filing the record.* Such motion shall also reasonably explain any delay in

the request required by Rule 53(a). (emphasis ours)

On October 12, 1988, appellant's counsel tendered to this Court a statement of facts. Although the statement of facts was tendered only one day late, a proper Rule 54(c) motion was required.

On the same date that the statement of facts was received in this Court, October 12, the Clerk of this Court sent a notice to appellant's counsel. It read:

The statement of facts in the above cause was this day marked "received" in this Court. Mr. [Name], it will be necessary to file a motion for leave, if you wish for this Court to consider the statement of facts.

This notice was sent well within the fifteen day period required by Rule 54(c) for filing an extension. The fifteen day period for filing an extension motion expired on October 26, 1988. No response was heard from appellant's counsel within this time.

On November 28, 1988, this Court received appellant's motion for extension of time to file the statement of facts. This motion was filed 48 days after the statement of facts had been due, and 33 days after the expiration of the period allowed for the motion for extension of time under Rule 54(c).

In his motion, appellant's counsel explained that he had not received the statement of facts until the afternoon of October 11, 1988, when "it was too late to send" it to this Court for same day delivery. Counsel requested a one-day extension. Appellant's counsel has, within the meaning of Rule 54(c), reasonably explained the need for an extension of time to file the statement of facts.

However, appellant's counsel did not explain, nor attempt to explain, in his late motion for extension of time to file the statement of facts why the motion for extension of time failed to comply with the timetable set forth in Rule 54(c). This Court is at a loss to understand why a party would file a document late, wait almost 50 more days before filing a motion for extension of time, then fail to explain why he has failed to comply with Rule

54(c). The situation is further aggravated where the party has been specifically informed that the statement of facts would not be considered without a motion. In the absence of any explanation, we refuse to grant appellant's request.

Notices issued by the Clerk of this Court to counsel should not be ignored. These notices are sent to notify parties of a potential error, defect or omission and to enable the parties to comply with the applicable rules. Although the Clerk did not state that a motion had to be filed by October 26, the Clerk did promptly notify counsel that a motion would be required for this Court to consider the statement of facts.

Appellant's counsel failed to comply with Rule 54(c) and he failed to explain why he failed to comply. Under these circumstances, we find that Tex.R.App.P. 2 and Tex.R.App.P. 83 should not be invoked to allow the late filing of the statement of facts.

Recently, in *De La Garza v. State*, 763 S.W.2d 62 (Tex.App.—Corpus Christi, 1988) and *Gomez v. State*, 763 S.W.2d 583 (Tex. App.—Corpus Christi, 1988) we addressed similar problems. Together, these cases show that the rules concerning extensions of time should be faithfully complied with by parties appearing before the Court. While Rules 2 and 83 authorize this Court to use a certain amount of discretion in allowing documents to be filed when a party has failed to comply with Rule 54(c), Rules 2 and 83 will not be applied so broadly that they obliterate the specific requirements of Rule 54(c).

Appellant's motion for extension of time to file the statement of facts is denied. The appeal will be considered without a statement of facts.

DORSEY, J., files a dissenting opinion in which SEERDEN, J., joins.

DORSEY, Justice, dissenting.

I respectfully dissent.

Tex.R.App.P. 2(b) states in pertinent part:

Suspension of Rules in Criminal Matters
    Except as otherwise provided in these rules, in the cause shown, a court of

appeals or the Court of Criminal Appeals may suspend requirements and provisions of any rule in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction.

In finding that appellant's motion for extension of time to file a statement of facts should be denied, the majority chooses to ignore the authority granted it by the foregoing rule. The rationale given is that Rule 2(b) should not be "applied so broadly" that it obliterates the specific requirements of Tex.R.App.P. 54(c). I would submit that the express *purpose* of Rule 2(b) is to obviate the requirements of an appellate rule when such requirements operate to deny a defendant a meaningful appeal because of the inadvertence of his counsel.

Tex.R.App.P. 54(c) provides that an extension of time may be granted for late filing of a statement of facts if a motion reasonably explaining the need therefor is filed with the court of appeals within 15 days of the last date for filing the record. In civil cases, this rule must be strictly construed; where a party to a civil action fails to comply with the 15–day deadline, an appellate court has no authority to consider the party's motion for extension of time. *B.D. Click Co., Inc. v. Safari Drilling Corp.*, 638 S.W.2d 860, 862 (Tex.1982). In criminal cases, however, public policy demands a more liberal interpretation of the appellate rules in order to protect a defendant's right to a meaningful appeal.

It is well settled that a criminal defendant has a right to an appeal which amounts to more than a meaningless ritual. *Evitts v. Lucey*, 469 U.S. 387, 394–95, 105 S.Ct. 830, 834–36, 83 L.Ed.2d 821 (1985); *Ward v. State*, 740 S.W.2d 794, 800 (Tex. Crim.App.1987). It is also clear that counsel's failure to comply with the requirements of Appellate Rule 54(c), and the resulting absence of a statement of facts, severely limits this court's ability to carry out its duty of reviewing the record for determination of whether reversible error exists. *Ward*, 740 S.W.2d at 800. The effect of this imposed limitation is to render appellant's appeal a "meaningless ritual." *Id.*

I note that the statement of facts in this case was received by the clerk of this court one day late, but the motion requesting an extension of time was not received within 15 days after the due date of the statement of facts. The violation of two rules, 54(b) (the statement of facts to be filed within 60 days) and 54(c) (motion for extension of time to be filed within 15 days after deadline with a "reasonable explanation") causes the majority to refuse to file, and thereby consider, appellant's statement of facts that the clerk has in hand. I find this result to be unreasonable and unnecessary.

As pointed out by Justice Seerden in his dissents in *De La Garza v. State*, 763 S.W. 2d 62 (Tex.App.—Corpus Christi, 1988, no pet.) and *Gomez v. State*, 763 S.W.2d 583 (Tex.App.—Corpus Christi, 1988, no pet.) the purpose of an appeal is to determine whether a defendant has been lawfully convicted. Without a statement of facts, we cannot properly review points on trial error and sufficiency of the evidence, and that timely review is lost to appellant. Our review of sufficiency questions should not be precluded by a rejection of the filing of the statement of facts.

Furthermore, I believe Tex.R.App.P. 83 gives this Court authority to accept appellant's late-filed statement of facts. Rule 83 states:

A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities, in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities provided the court may make no enlargement of the time for filing the transcript and statement of facts except pursuant to paragraph (c) of Rule 54 and *except that in criminal cases late filing of the transcript or statement of facts may be permitted on a showing that otherwise the appellant may be deprived of effective assistance of counsel.* (emphasis added).

In *Evitts v. Lucey*, the United States Supreme Court held that counsel's failure

to file a statement of facts constituted a lack of effective assistance of counsel on appeal. The Court noted, "counsel's failure was particularly egregious in that it essentially waived respondent's opportunity to make a case on the merits; it is difficult to distinguish respondent's situation from that of someone who had no counsel at all." *Evitts*, 469 U.S. at 394, fn. 6, 105 S.Ct. at 835, fn. 6.

Here, appellant did not specifically raise the issue of effective assistance of counsel in his brief. However, I would hold that the record in this case, which clearly evidences a failure by appellant's attorney to comply with the appellate timetable, speaks for itself. We should not deny appellant a meaningful, timely appeal simply because he does not have the effective assistance of counsel.

Rather than deny the filing of the statement and wait for appellant to request habeas corpus relief on the basis of ineffective assistance of counsel, I would, in the interest of judicial economy, invoke the powers vested by Tex.R.App.P. 2(b), grant appellant's motion, and offer him an immediate opportunity at a meaningful appeal.

SEERDEN, J., joining in dissent.