Eduardo Enriquez **RIOS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–88–412–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.

Rehearing Granted With Opinion
Dec. 21, 1989.

Opinion on Rehearing April 12, 1990.

J.C. Castillo, Houston, for appellant.

John D. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

OPINION

NYE, Chief Justice.

Appellant was indicted for the offense of delivery of a controlled substance, namely, at least four hundred grams of cocaine. Appellant entered a plea of guilty. The trial court assessed the recommended punishment of thirty-five years imprisonment and a fine of $100,000. As the sole point of error, appellant contends the court erred by not granting his motion to dismiss because he was entrapped as a matter of law.

Prior to entering his guilty plea, appellant filed a "Motion to Dismiss on Account of Entrapment." On July 15, 1988, the motion was dismissed by the trial court. Although the parties' briefs refer to a statement of facts transcribing a hearing on the motion that took place on July 15, 1988, that statement of facts is not in the record.

■ Appellant requested a complete statement of facts, including transcriptions of all pre-trial hearings in his designation of the appellate record. On October 7, 1988, this court sent a letter to appellant's attorney stating that "the statement of facts (2 volumes) in the above cause was this day marked 'received' in this Court," and it instructed the attorney to file a motion for leave to file the statement of facts. After the motion was filed and granted, we notified appellant that the statement of facts had been ordered filed.

Neither of the two volumes contains a transcription of the Motion to Dismiss hearing. That is the basis of appellant's complaint. Appellant made no objections to the appellate record. It is a rule of law

that makes it appellant's duty to ensure that the record contains all materials necessary for appellate review. Tex.R.App.P. 50; *see also McGlynn v. State,* 704 S.W.2d 18, 20 (Tex.Crim.App.1986); *Soliz v. State,* 693 S.W.2d 518, 519 (Tex.App.—Corpus Christi 1985, no pet.). Absent a sufficient record to determine if the trial court erred, we overrule appellant's point of error and AFFIRM the judgment of the trial court.

DORSEY, J., concurs.

DORSEY, Justice, concurring.

As the majority points out, the transcription of the hearing on appellant's motion to dismiss is not contained in the record before us. Neither party currently has notice of this fact.

It is clear, however, that the missing volume was prepared by the court reporter; both parties make reference to page citations of the transcription in their appellate briefs. For reasons unknown to us, the volume simply was not filed with this Court.

I submit that the problem may be resolved in either of two ways. First, and most preferably, notice should be given to the parties that a complete statement of facts has not been received and that they are entitled to request supplementation of the record before an opinion is rendered by this Court. In the alternative, we should render a decision *as per* the majority and subsequently notify the parties that they are entitled to request supplementation of the record. *See Pike v. State,* 772 S.W.2d 130 (Tex.Crim.App.1989). I concur with the majority opinion on the condition that appellant be allowed to supplement the record with the missing volume of the statement of facts.

OPINION ON MOTION FOR REHEAR-ING AND TO SUPPLEMENT THE RECORD

DORSEY, Justice.

On original submission, we overruled appellant's sole point of error alleging entrapment because appellant failed to file a complete statement of facts. In affirming the conviction, we noted by rule and by case law that it was appellant's burden to ensure an adequate record for review was before this Court. Appellant's counsel has filed a motion for rehearing in which he requests supplementation of the record with the pertinent volume of the statement of facts so that we may consider the merits of the appeal. We grant the motion.

■ Appellant's counsel filed two volumes of the statement of facts on October 7, 1988. One volume covered discovery and other motions. A second volume covered the entry of appellant's guilty plea. Appellant's brief was filed on December 27, 1988. The State's brief was filed on January 25, 1989. Both parties referred to pages in the apparently prepared but unfiled volume of the statement of facts covering the entrapment hearing.

The case was submitted on April 6, 1989. It was not until after submission that we learned both parties were arguing matters not included in the appellate record. Apparently appellant's counsel was unaware that he had not filed the pertinent volume of the statement of facts until he received our opinion affirming the conviction. An opinion concurring in the affirmance recommended that a motion to supplement with the missing volume of the record would be proper.

Following affirmance of the conviction, appellant's counsel forwarded to this Court a third volume of the statement of facts that contains a transcription of the entrapment hearing. In his motion to supplement, counsel offers no explanation for his failure to timely file the omitted volume of the statement of facts. However, it is apparent from his transmittal letter that counsel failed to realize that a complete statement of facts was not filed, or that it is counsel's responsibility to ensure that such documents are timely filed on appellant's behalf.

In the past, this Court has addressed counsel's duty to file an adequate record, and we have at times refused to consider a late record. *See e.g., Guerra v. State,* 766 S.W.2d 830 (Tex.App.—Corpus Christi

1989, no pet.); *De La Garza v. State*, 763 S.W.2d 62 (Tex.App.—Corpus Christi 1988, no pet). Tex.R.App.P. 83 provides that this Court may permit the late filing of the statement of facts on a showing that appellant may be deprived of effective assistance of counsel. If we were not to allow the filing of the entrapment transcription in this case, appellant would be deprived of a meaningful appeal solely because of counsel's failure to perform the simple act of forwarding the correct volume of the statement of facts to this Court. The lawyer should be sanctioned—not the client.

Appellant has a right to a meaningful appeal. *Evitts v. Lucy*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Appellant personally has done nothing to obstruct the appeal, and the State has not opposed appellant's motion to supplement. Under these circumstances, we find it would be improper to penalize appellant for his counsel's error. For these reasons, we exercise our discretion under Rule 83 to allow the late filing of the entrapment volume at this time, and we will consider the appeal on its merits. Appellant's motion for rehearing and request to supplement is granted.

NYE, C.J., dissents.

NYE, Chief Justice, dissenting.

I respectfully dissent. Appellant's counsel has filed a motion for rehearing belatedly in which he now requests permission to supplement the record with a statement of facts not filed prior to original submission of this cause. For the reasons stated below, I would deny this last motion.

On October 7, 1988, this Court sent a letter to counsel stating that "the statement of facts (2 volumes) in the above cause was this day marked 'received' in this Court." The letter instructed counsel to file a motion for leave to file the statement of facts. After the motion was filed and granted, we notified counsel that the statement of facts had been ordered filed. Counsel made no objection to the appellate record, and this case was submitted on April 6, 1989.

After our opinion was handed down affirming appellant's conviction, he now attempts, in a motion for rehearing, to rely on materials that are not before this Court, contending that a complete statement of facts would establish his entrapment defense. There is, however, no evidence that the statement of facts that appellant filed before submission of this case was improperly prepared or in violation of the rules or that counsel in any way erred in his preparation of the submission of the record. At no time prior to the delivery of this opinion did counsel seek to supplement the record in compliance with the Texas Rules of Appellate Procedure.

Appellant's request also abuses the function of a motion for rehearing which is to present to the appellate court the alleged errors of law which have been committed by the court together with such argument, authorities, and statements of the record which may support the motion. *Dewey v. American National Bank*, 382 S.W.2d 524, 528 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.), *cert. denied*, 382 U.S. 821, 86 S.Ct. 49, 15 L.Ed.2d 67 (1965). I am cognizant that Tex.R.App.P. 55(b) and (c) grant this Court wide discretion to supplement the transcript or statement of facts in order to include omitted matter. Such discretion, however, should be used prior to submission of the case and should not be exercised, *in the absence of some unusual circumstance*, to permit new material to be filed after the appellate court has written its opinion and rendered its judgment. *K & S Interests, Inc. v. Texas American Bank/Dallas*, 749 S.W.2d 887, 892 (Tex. App.—Dallas 1988, writ denied). Such action is contrary to the spirit and purpose of Tex.R.App.P. 54(a) (setting forth the appellate timetable), 50(d) (placing the burden on the appellant to see that a sufficient record is presented to show error requiring reversal), and it would interfere with the orderly administration of justice. *See Archer v. Storm Nursery, Inc.*, 512 S.W.2d 82, 85 (Tex.Civ.App.—San Antonio 1974, no writ). It is somewhat akin to filing a motion for new trial after judgment without attempting to establish any basis for the filing of the new evidence.

This Court has already established a policy that the appellant has the burden to see, *"before submission of the case,"* that a sufficient record is presented on appeal which preserves the error upon which he relies. (emphasis mine). *Hydro–Line Manufacturing Co. v. Pulido,* 674 S.W.2d 382, 385–86 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.);[1] *Carson v. Estate of Carson,* 601 S.W.2d 171 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.); *Irrigation Construction Co. v. Motheral Contractors, Inc.,* 599 S.W.2d 336, 343 (Tex. Civ.App.—Corpus Christi 1980, no writ). Clearly, we are and should be bound by the record on appeal as presented to us before the case is argued and submitted to us.

In the instant case, the majority concedes counsel has offered *no explanation* for his failure to timely file the omitted volume of the statement of facts. Thus, appellant has failed to establish the requisite "unusual circumstance" to permit new material to be filed after our opinion has been written and the judgment rendered. *See K & S Interests,* 749 S.W.2d at 892. For this reason alone, I would deny appellant's belated motion to supplement the record.

Nevertheless, another basis exists for overruling appellant's motion for rehearing. Recently, in *Guerra v. State,* 766 S.W.2d 830 (Tex.App.—Corpus Christi 1989, no pet.), *De La Garza v. State,* 763 S.W.2d 62 (Tex.App.—Corpus Christi 1988, no pet.), and *Gomez v. State,* 763 S.W.2d 583 (Tex.App.—Corpus Christi 1988, no pet.), we addressed situations where attorneys failed to comply with filing deadlines. Together, these cases represent a sound policy determination by this Court that attorneys who attempt to represent clients on appeal must be and stay familiar with the Texas Rules of Appellate Procedure. *See Harmon v. State,* 649 S.W.2d 93, 95 (Tex. App.—Corpus Christi 1983, no pet.). While Tex.R.App.P. 2(b)[2] and 83[3] authorize this Court to use a certain amount of discretion in allowing documents to be filed when a party has failed to comply with Rule 54(c),[4] Rules 2(b) and 83 will not be applied so broadly that they obliterate the specific requirements of Rule 54(c). *Guerra,* 766 S.W.2d at 831. In some cases, this Court may permit late filings under Rules 2 and 83. Given counsel's lack of explanation, however, this is not one of those cases.

This Court has deliberated in length about the issues involved in this case, *De La Garza, Gomez, Guerra* and other similar cases. Every justice of this Court is deeply concerned with the constitutional and statutory rights of the criminal defendant, but our system of justice, if it is to work at all, depends on attorneys to honestly and diligently represent their clients with zeal. The oath of every attorney requires that "I will honestly demean myself in the practice of law and will discharge my duty to my client to the best of my ability. So help me God." The common thread in all of these cases is counsel's failure to comply with relatively simple and straightforward rules concerning appellate practice. While the vast majority of attorneys

1. In *Pulido,* we cited Tex.R.Civ.P. 413 as authority. The subject matter of Rule 413 can now be found at Tex.R.App.P. 50(d).

2. Tex.R.App.P. 2(b) provides: "Except as otherwise provided in these rules, in the interest of expediting a decision or for other good cause shown, a court of appeals or the Court of Criminal Appeals may suspend requirements and provisions of any rule in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction...."

3. Tex.R.App.P. 83 provides: "A judgment shall not be affirmed or reversed or an appeal dismissed for defects or irregularities, in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities provided the court may make no enlargement of the time for filing the transcript and statement of facts except pursuant to paragraph (c) of Rule 54 and except that in criminal cases late filing of the transcript or statement of facts may be permitted on a showing that otherwise the appellant may be deprived of effective assistance of counsel."

4. Tex.R.App.P. 54(c) provides: "An extension of time may be granted for late filing in a court of appeals of a transcript or statement of facts, if a motion reasonably explaining the need therefor is filed by appellant with the court of appeals not later than fifteen days after the last date for filing the record. Such motion shall also reasonably explain any delay in the request required by Rule 53(a)."

who practice before this Court diligently follow the rules, a number of attorneys are either ignorant of them or willfully disregard them. It is not in the interest of justice to make special exceptions for those attorneys who fail to follow the plain rules of procedure.

Six years ago, in *Robinson v. State,* 661 S.W.2d 279 (Tex.App.—Corpus Christi 1983, no pet.), this Court unambiguously put the bar on notice that it should comply with the appellate rules. Although the rules have changed somewhat since *Robinson,* our expectations have not, and despite our efforts, this Court is still plagued by a few attorneys who either will not or cannot provide competent legal assistance to their clients.

Under the current Texas Rules of Appellant Procedure, this Court may instruct the trial court to conduct a hearing when it appears that a defendant is not receiving the effective assistance of counsel on appeal. *See* Tex.R.App.P. 53(m) and 74(*l*)(2). While such action usually assures the defendant adequate representation on appeal, it usually does nothing to penalize the attorney who, through neglect or willful disregard, has frustrated the trial and appellate process.

In *Marroquin v. State,* 652 S.W.2d 429 (Tex.App.—Corpus Christi 1984, no pet.), this Court attempted to sanction an attorney who had ignored appellate deadlines. Our attempt was rebuffed by the Court of Criminal Appeals. *Ex parte Gray,* 649 S.W.2d 640 (Tex.Crim.App.1983). Although our contempt power is the only real power the Court has to sanction ineffective attorneys, such contempt proceedings are so cumbersome within an appellate court and require such an expenditure of time and money that contempt, in most cases, does not seem to be a viable method of enforcement.

In one instance, this Court used its contempt power to force a reluctant court reporter to provide this Court with a number of statements of facts. Some of the events of that instance are set forth in *Ex parte Sanchez,* 703 S.W.2d 955 (Tex.1986). This Court has never received any of the statements of facts and, after being ordered to jail, the court reporter fled and has been able to elude Texas law enforcement authorities for more than three years. The appealed cases had to be reversed in the interest of justice.

Thus, while contempt is a powerful tool, it simply fails to provide the immediate and definitive action required to assure the orderly administration of the appellate process. Likewise, the filing of a grievance with the State Bar's already overworked grievance committees fails to afford any immediate relief to the appellate process.[5]

The denial of a motion, however, is a sure and swift sanction for failing to abide by the appellate rules. While this sanction may in some cases penalize the criminal defendant instead of the defendant's attorney, the defendant's attorney may be civilly responsible for any harm which befalls the defendant because of counsel's inability to competently handle the appeal. It would be an abdication of our judicial responsibility to grant motions in criminal appeals regardless of the defects they might contain in form, substance, or procedure, simply because a criminal defendant is involved. This double standard, as compared with civil appeals, does not promote justice in the appellate process.

Unfortunately, too many appointed attorneys are so unconcerned with their reputation and their clients that a published criticism of their representation has little effect on their daily practice. Public criticism is only persuasive if the attorney cares about his professional responsibility.

I would deny appellant's motion to supplement the record and overrule his motion for rehearing.

## OPINION ON REHEARING

DORSEY, Justice.

This case has been the subject of two earlier opinions by this court on procedural

**5.** I suggest that the Legislature provide the courts of appeal with a single and effective rule with sanction to be enforced on attorneys that would help to eliminate the problem expressed herein.

matters. We initially affirmed the appellant's conviction for his failure to file a critical volume of the statement of facts. On rehearing over a dissenting opinion, we allowed appellant to supplement the record with the missing statement of facts. We now address the merits of the appeal.

Appellant, Eduardo Enrique Rios, pleaded guilty to delivery of cocaine, and the trial court assessed punishment at thirty-five years' imprisonment plus a $100,000.00 fine. His sole defense was his claim of entrapment. We affirm the judgment of the trial court.

By a single point of error, appellant argues that the trial court erred in overruling his motion to dismiss because entrapment was established as a matter of law because the state failed to rebut the defense. Appellant admits that he arranged the delivery of cocaine to P.D. Rosales, an undercover narcotics officer for the Houston police department. However, appellant claims he was induced to do so because of repeated telephone calls which took place over a period of several months. Additionally, appellant claims that Officer Rosales induced him, by way of sexual favors, to obtain the cocaine.

The defense of entrapment is found in Tex. Penal Code Ann. § 8.06 (Vernon 1974), which provides in part:

> (a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

The defendant has the burden of producing evidence to raise the defense of entrapment, but the State has the burden of persuasion to disprove it. *Bush v. State*, 611 S.W.2d 428 (Tex.Crim.App.1980). Once the issue of entrapment has been raised, it is a factual issue for the trier of fact, unless it is established as a matter of law. *Melton v. State*, 713 S.W.2d 107, 113 (Tex. Crim.App.1986). If the evidence on the issue of entrapment is in conflict, the issue is not established as a matter of law and should be determined by the trier of fact. *Id.* at 113; *England v. State*, 729 S.W.2d 388, 392 (Tex.App.—Fort Worth 1987, pet. ref'd). As the trier of fact, it is the trial judge's function to determine the weight and credibility of the witnesses' testimony. *Powell v. State*, 479 S.W.2d 685, 687 (Tex. Crim.App.1972); *England*, 729 S.W.2d at 392.

The record establishes that appellant and Rosales met on January 24, 1988, in a Houston restaurant. At that meeting Rosales informed appellant that she was interested in purchasing six kilograms of cocaine. Appellant indicated that he knew individuals who could supply large quantities and, during a second meeting, furnished Rosales with a small quantity of cocaine as a sample. Officer Rosales and a confidential informant attempted to arrange a "buy-bust" with appellant but the deal fell through because appellant insisted that the purchase had to occur in a house which Rosales could not enter for security reasons.

There was conflicting testimony concerning the course of events over the next several months prior to appellant's arrest. Appellant alleged that Rosales repeatedly contacted him by telephone pressuring him to arrange the drug deal. Appellant also alleged that he engaged in sexual relations with Rosales. Rosales, on the other hand, denied having sex with appellant and claims she only called appellant after having been paged by him. The "deal" was eventually arranged, and on June 14, 1988, appellant was arrested at the crime scene for delivery of two kilograms of cocaine.

The issue of entrapment was properly submitted to the trial judge as the trier of fact because the evidence on entrapment was conflicting. Entrapment was not established as a matter of law. Appellant's sole point of error is overruled. We affirm the judgment of the trial court.

NYE, C.J., concurs.

NYE, Chief Justice, concurring.

On the original opinion I dissented because we improvidently granted appellant's

motion for filing of the statement of facts. I have reviewed the transcript and find no fundamental error. I accordingly agree the case should be AFFIRMED.