Charles Lee STRICKLAND, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–91–099–CR.

Court of Appeals of Texas,
Corpus Christi.

Sept. 12, 1991.

Discretionary Review Refused
July 3, 1991.

On Motion for Rehearing Granted
Sept. 12, 1991.

Juan Jose Martinez, Brownsville, for appellant.

Luis V. Saenz, Brownsville, for appellee.

## OPINION ON MOTION FOR REHEARING

This case raises the issue of when we should exercise our discretion to grant a late-filed motion for extension of time to file the transcript. On June 27, 1991, we dismissed appellant's appeal solely because a motion for extension of time to file the transcript was late. At the time the appeal was dismissed, we had both the statement of facts and the transcript at hand. We reconsider our original holding, reinstate the appeal, and reestablish briefing times.

The record, both the transcript and the statement of facts, was due February 26, 1991. The statement of facts was filed timely, but the transcript was not received until March 1. A motion for extension of time to file the transcript is proper if filed within 15 days of the due date. Tex. R.App.P. 54(c). In this case, the motion should have been filed by March 13.

No motion for extension of time was received by March 13; however, on March 15 the clerk received an affidavit from the district clerk, unaccompanied by a motion for extension of time, stating he had miscalculated the due date of the transcript, using the date of the judgment rather than the date of sentencing as the starting point in his computations. *See* Tex.R.App.P. 54(b). Appellant filed a motion for leave to file the late transcript on March 20, seven days after the expiration of the extension period provided for in Rule 54(c).

The motion explained that appellant needed the extension because the District Clerk had miscalculated the due date and because appellant's counsel had been engaged in other proceedings. Rule 54(c) requires a motion for extension to reasonably explain the "need therefor."

In response to appellant's motion, the clerk of this Court advised appellant that he needed to amend his motion for extension of time to explain why the motion itself was late. Appellant then filed an amended motion, but it gave no specific reason why the extension motion was late. Counsel generally stated again that he had been engaged in other proceedings. On June 27, 1991, in an unpublished opinion, we denied the motion, stating that appellant "has failed to comply with this Court's request for an explanation for the untimely filing of his motion," and we dismissed the appeal.

In his motion for rehearing, appellant raises two points. The first is that the transcript was received by the court by its due date, and he attaches a receipt from Federal Express delivery service to attest to that fact. However, there were two cases involving the same defendant/appellant at the same time: 13–91–099–CR, this case, and 13–91–116–CR, which was dismissed for want of jurisdiction on April 18, 1991. The Federal Express receipt was for the transcript in the other cause delivered on March 12, 1991. Appellant's first ground for rehearing is overruled.

Appellant's second ground for rehearing is that the cause for the late filing of the transcript was the district clerk's, and not his nor his attorney's. The affidavit of the district clerk states that the clerk miscalculated the due date of the transcript, having relied on the date of the signing of the judgment rather than the earlier date of sentencing. A reasonable explanation is "any plausible statement of circumstances indicating that failure to file ... was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex.1977). A reasonable explanation for the late filing of the transcript was given.

The issue is then whether this court may consider a motion for extension of time to file the transcript that is outside the fifteen days provided in Rule 54(c). A comparison of the civil and criminal versions of the rule is informative.

Rule 54, entitled "Time to File Record" is divided into three parts. Section (a) addresses the timetable in civil cases, section (b) the timetable in criminal cases, and section (c) extensions of time. Rule 54(a) "Civil Cases—Ordinary Timetable" has as its last sentence: "The court has authority to consider all timely filed transcripts and statements of facts, but *shall have no authority to consider a late filed transcript* or statement of facts, except as provided by this rule." The version of the rule applicable in criminal cases has no such limitation of authority on the court of appeals to consider a late-filed transcript or statement of facts. *See* Rule 54(b). The final section of Rule 54 provides for an extension of time for filing the record provided it is filed within 15 days after the last date for filing the record.

The portion of the rule applying to civil cases is an explicit codification of the Supreme Court's decision in *B.D. Click v. Safari Drilling Co.*, 638 S.W.2d 860 (Tex. 1982), in which the Court reconciled former rules 386 and 21c. The holding of the Court under the existing rules was that a court of appeals had no authority to consider a late-filed transcript, unless the motion for extension of time was filed within 15 days of when the transcript was due.

The Court of Criminal Appeals chose not to adopt such language in Rule 54(b). Therefore, in criminal cases a court of appeals may consider an untimely transcript when a motion for extension of time has not been sought in strict compliance with Rule 54(c). In fact, Tex.R.App.P. 83, specifically permits a court of appeals to enlarge the time period for filing a transcript and statement of facts despite the appellant's non-compliance with Rule 54(c) when there is a "showing that otherwise the appellant may be deprived of effective assistance of counsel." This ability to permit extensions for the transcript and statement of facts may be contrasted with our inability to extend the time for filing the notice of appeal, which is jurisdictional. *See Jones v. State,* 796 S.W.2d 183, 187 (Tex.Crim. App.1990); *Miles v. State,* 780 S.W.2d 215, 215 (Tex.Crim.App.1989); *Gomez v. State* 763 S.W.2d 583 (Tex.App.—Corpus Christi 1988, no pet.).

A criminal defendant has a right to a meaningful appeal. *See Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). In the exercise of that right, the defendant has the right to the effective assistance of counsel. *Id.* When counsel fails to timely meet a filing deadline, Rule 83 permits this Court to alter the filing deadlines to prevent counsel's assistance from being ineffective.

■ As we have the authority under the Rules of Appellate Procedure to consider the untimely filed transcript in the present case, the issue becomes whether we should allow it to be filed, and thus considered, so we may determine the appeal on the merits. This Court has written extensively on similar motions in the past. *See Rios v. State,* 791 S.W.2d 509, 510–513 (Tex.App.— Corpus Christi 1989, no pet.); *Guerra v. State,* 766 S.W.2d 830 (Tex.App.—Corpus Christi 1989, no pet.); *Gomez v. State,* 763 S.W.2d 583 (Tex.App.—Corpus Christi 1988, no pet.); *De La Garza v. State,* 763 S.W.2d 62 (Tex.App.—Corpus Christi 1988, no pet.). Each decision drew at least one dissenter and exposed sharp disagreement among members of this Court.

In the present case, there was no disregard of orders of the Court nor of the reminder from the clerk. The transcript was received in this Court only three days late. The motion for extension of time was filed only seven days after the deadline. When the Clerk of this Court notified counsel that he would have to file an amended motion, counsel did so. Counsel stated in his amended motion, as he had in his original motion, that he had been busy with other matters. The State did not oppose the motion to extend time. When we dismissed the appeal, counsel for appellant continued to press his client's rights by filing a motion for rehearing, and the State filed no opposition. Appellant personally has done nothing to frustrate the appeal of his conviction for aggravated robbery whereby he was sentenced to life in prison. We do not find the violation of the rule to be so egregious so as to justify denying appellant a meaningful appeal.

The dismissal of appellant's appeal on the sole ground that counsel failed to timely file a motion for extension of time will surely provide appellant with sufficient cause to obtain an out-of-time appeal through post-conviction habeas corpus procedures. It is judicially economic to permit the appeal to continue now. Post-conviction procedures will waste money and consume valuable judicial time. We find no reason to deny appellant a meaningful appeal at this time. In *Robinson v. State,* 661 S.W.2d 279, 283 (Tex.App.—Corpus Christi 1983, no pet.), Chief Justice Nye quoted the old axiom, "Justice delayed is justice denied." That axiom is as appropriate today as it was then.

The appellant's motion for rehearing is granted, the appeal is reinstated, and appellant's brief is due thirty days after the date of this opinion.

NYE, C.J., dissenting.

NYE, Chief Justice, dissenting.

I respectfully dissent. I would adhere to our original decision and dismiss the appeal. Appellant's motion for rehearing raises no valid arguments to show that we wrongly exercised our discretion when rul-

ing on his initial motion for extension of time.

The majority opinion on rehearing notes that we have written previously on matters concerning late-filed documents. *See Rios v. State,* 791 S.W.2d 509 (Tex.App.—Corpus Christi 1989, no pet.); *Guerra v. State,* 766 S.W.2d 830 (Tex.App.—Corpus Christi 1989, no pet.); *Gomez v. State,* 763 S.W.2d 583 (Tex.App.—Corpus Christi 1988, no pet.); *De La Garza v. State,* 763 S.W.2d 62 (Tex.App.—Corpus Christi 1988, no pet.). Other Courts of Appeals have also addressed whether late-tendered documents should be filed. *See Savery v. State,* 767 S.W.2d 242 (Tex.App.—Beaumont 1989, no pet.); *Rodriguez v. State,* 743 S.W.2d 683 (Tex.App.—El Paso 1987, pet. ref'd); *Swann v. State,* 737 S.W.2d 623 (Tex. App.—Fort Worth 1987, no pet.). It is not necessary to repeat all the valid reasons which exist for requiring an appellant to adhere to the filing deadlines. I would simply reiterate that the administration of justice is fair and equal only when all parties are required to adhere to the rules in both civil and criminal cases.

As the majority points out, not all parties are required to adhere to the same deadlines. Tex.R.App.P. 54, entitled "Time to File Record," is divided into several sections. Rule 54(a), which applies to civil cases, contains specific language prohibiting the late filing of transcripts. Rule 54(b), which applies to criminal cases, does not contain the prohibiting language. The elimination of different rules for civil and criminal appeals was one purpose for adopting the current "Rules of Appellate Procedure." It is apparent that we currently have two standards—one for criminal cases and one for civil cases. We should not have this double standard. The rules of procedure, and the sanction for failure to adhere to the deadlines imposed by those rules, should be the same for both civil and criminal appeals.

If this were a civil case, this Court could not permit the late filing of the transcript. But because this is a criminal case, the appellant is permitted to pay no heed to the deadline for filing the transcript and is permitted to ignore the fifteen-day extension period. Even after being coaxed by the Clerk of this Court to explain why his extension-motion was late, appellant only explained that he was busy with other matters. I do not find that explanation sufficient to invoke the extraordinary resort to Tex.R.App.P. 83.

The majority holds, and I agree, that Rule 83 gives this Court the authority to permit the late filing of a transcript. I do not agree, however, that our authority should be exercised in this case. The Court of Criminal Appeals should grant review in this case to determine under what circumstances Rule 83 may be exercised. If Rule 83 gives this Court unlimited discretion to file a transcript, our high Court should establish some guidelines to prevent its arbitrary application.

I find no reason to grant appellant's motion for rehearing and dissent to the reinstatement of the appeal.